Forest Gilliam
Petitioner:

vs.

Respondent:
Warden David L. Winn
F.M.C. Ft. Devens

Case No.

04-40217

## Petitioner's 28 U.S.C. § 2241 Petition:

Comes now, Petitioner pro se, Forest Gilliam to respectfully request this Honorable Court to accept his 28 U.S.C. § 2241 Petition under civil rule of procedure in the interest of justice, grant him the relief he seeks for the following reasons: Petitioner is not learned at law, and therefore prays that this Honorable Court will hold the Petitioner to a less stringent standard than the formal paper drafted by legal counsel. And that this Honorable Court may view this petition in a liberal manner pursuant to Haines vs. Kerner 404 U.S. 519, 520 (1972).

## Petitioner's summary in support of 2241 Petition is as follows;

(1)



Petitioner is currently residing in the "Segregated Housing Unit/S.H.U.-(the hole), under protective custody" here at Federal Medical Center-Ft. Devens in Ayer, Massachusetts.

Petitioner has been forced to refuse being housed in population at Ft. Devens for security reasons, as well as for security issues concerning and surrounding his civil action (3:04-CV-01937-ABC-KH), concerning harassment from other inmates etc." Filed in the Western District of Pa. and ordered on Aug. 27, 2004, moved to the Middle District of Pennsylvania because both parties concerned were within that courts jurisdiction. Shortly thereafter, the Petitioner was redesignated and transferred to Ft. Devens. Where Petitioner has resided in the S.H.U. since his arrival at Ft. Devens on July 27, 2004.

Since arriving at Ft. Devens, Petitioner has instead of truly being assisted concerning his security allegations and the fact(s) there of, have been sanctioned by way of incident reports, placed on commissary/store restriction, harassed and threatened by staff members to enter population at Devens — despite Petitioners fear(s) for his safety and well being even before arriving here at Ft. Devens, and Petitioner being told repeatedly that unless he enters population here at Devens he will remain in the S.H.U.-(the hole) until July 2008. Which is Petitioners supposedly release date but....

(2)

Petitioners release date is currently in question by way of "still pending" 2241 motion filed in the Middle District of Pennsylvania, on or about Aug-Sept. 2003. With Judge Richard A. Caputo as acting Judge in that case.

Wherefore, In further support of Petitioners brief he sets forth further evidence to support why he should have never been sent to Ft. Devens and since his arrival there of July 27, 2004 — Petitioner should be immediately removed from Ft. Devens for reason(s) set forth as follows:

On or about June 2002 Petitioner was sentenced in a 2-count indictment (1:01CR211) 18 U.S.C. 371 Theft Conspiracy and a Hobbs Act Robbery, By Judge Peter C. Economus in Youngstown, Ohio. During the extensive lengthy investigation of Petitioners alledged indictment of (1:01CR211), Petitioner cooperated with the U.S. Government and at the same time on or about April-May 2000, Petitioner was implicated in and lied on concerning a N.B.A. Player, by authorities of the Millcreek Police Dept. in Erie, Pennsylvania. Which is "apart" of Petitioners civil action (3:04-CV-01937) filed in the Western District of Pa. — now residing in the Middle District of Pa. since Aug. 27, 2004.

Therefore, Because of Petitioners cooperation with the U.S. Government and the lie(s) told on him by

(3)

the authorities of the Millcreek Police Dept. in Erie, Pa., Petitioner has seperation orders concerning 13 codefendants (male & female), as well as his codefendants having relatives, acquaintances, associates, & friends here in the federal B.O.P.

Also, A one "Thomas Daugherty" from Boston, Ma. is residing here at Ft. Devens for medical reasons. He is an old man Boston ex-police chief w/ supposed mob ties etc. He was Petitioners cellie at F.C.I. Allenwood med. when he arrived there on or about Jan. 7, 2003.

Thomas Daugherty caused Petitioner so many problems while residing at Allenwood med, Petitioner was forced to file his civil action (3:04-CV-01937), because inmate Daugherty repeatedly told other inmates that Petitioner (Williams) was an informant for the government, which caused Petitioner to have several altercations with other inmates to the point that Petitioner was encouraged to arm himself daily while residing at F.C.I. Allenwood med.

Petitioners civil action (3:04-CV-01937) was encouraged and assisted by his Unit Case mgr. Mr. Joe DiFrancisco of unit 4-B at F.C.I. Allenwood.

And therefore, Aside from Petitioners seperation order(s), he refuses to repeat the same case scenario here at Devens as he did at Allenwood, concerning inmate T. Daugherty's antics and insighting other inmates to intimidate the Petitioner for his cooperation with the U.S. Government etc. And for the false accusations and lies that were bestowed upon him by the authorities in Erie, Pennsylvania, that is the basis for Petitioners civil action (3:04-CV-01937).

(4)

However, According to Petitioners Sentencing Transcript, Plea Agreement, and Judgement & Commitment, Petitioners A.U.S.A. Edward Feran of the Northern District of Ohio — verbally agreed (with Petitioners counsel present) and in open court "By way of Petitioners Sentencing Transcript", to call the Northeast Regional Office to arrange to have Petitioner sent to F.C.I. Milan in Michigan so as to avoid future security issues. To date Petitioners A.U.S.A. refuses to honor his part of their agreement, which continuously causes Petitioner repeated security issues. See Sentencing Transcript and Judgement & Commitment concerning Petitioners sentencing date of June, 2002.

On or about June-July 2002 while Petitioner was en route from Mahoning County Jail in Youngstown, Ohio to Jefferson County Jail in Stubbenville, Ohio — Petitioner encountered two (2) codefendents (Michael Sailes & Verdale Monroe). Both codefendents verbally threatened Petitioner and his family in front of Correctional Officer (P. Faits & Fellows) as well as with U.S. Marshal Evens of Youngstown, Ohio being present in the booking area of the Jefferson County Jail in Stubbenville, Ohio. Officer P. Faits offered to be a witness to Petitioner being threatened but Petitioners A.U.S.A. Ed Feran neglected to act on those threats to this day.

On or about July 2002 while Petitioner was residing a Jefferson County Jail in Stubbenville, Ohio — Petitioner received a threatening letter and other court documents with Petitioners name on it, from his

codefendent (Verdale Monroe), who was residing in the Mahoning County Jail.

Petitioner made copies and sent copies of the threatening letter and documents to his sentencing Judge Peter C. Economus in Youngstown Ohio, his attorney Charles E. Fleming in Cleveland Ohio, and to his A.U.S.A. Ed Feran in Cleveland, Ohio. "All to no avail"!

On or about Aug-Sept 2002 while Petitioner was leaving Jefferson County Jail to be transferred to Euclid City Jail in Euclid, Ohio — to answer another federal indictment, Petitioner was placed in the same holding cell as his codefendent (Nathaniel McKinney) — whom Petitioner was to testify against, and again, Petitioner was threatened.

Also, As apart of Petitioners "plea agreement" and "verbal agreement" with his A.U.S.A. Ed Feran, Petitioner was not to return to F.C.I. Elkton in Lisbon Ohio from out on Writ of March, 2001 — concerning a codefendents husband being housed at Elkton. But "again" because Petitioners A.U.S.A. Ed Feran continuous neglect to honor his plea agreement, verbal agreement, and open court agreement/sentencing transcript with Petitioner, the Petitioner has continuously suffered. "See Sentencing Transcript". And because of the A.U.S.A. Ed Ferans neglect, Petitioner was sent back to F.C.I. Elkton "anyway" on or about Nov. 7, 2002, and had to refuse being placed in population at Elkton and was therefore, placed in the S.H.U. —

(the hole) until transferred on or about Dec. 7, 2002 to F.C.I. Allenwood med.

Which F.C.I. Elkton "violated administrative procedures" to send Petitioner to Allenwood "med" after coming back from court on Writ. By taking a case in Petitioners P.S.I. from 1986 and raised Petitioners security level from 8-points – 10 point. Petitioner was verbally informed of Elktons scandalous and unprofessional move by a Unit 4-A Case mgr. at his first unit team meeting within his first 30 days at F.C.I. Allenwood "med".
Immediately the unit team at Allenwood "med" informed Petitioner that he was out of place being sent to Allenwood med. and that a transfer was warranted A.S.A.P. back to another low security institution. "See inmate file".

On or about July 2003 – six (6) months after Petitioner arrived at Allenwood med. he was put in for the transfer to another low "as promised" by the unit team. But the Regional Office denied Petitioners transfer stating; that the region wanted Petitioner (inmate Gilliam #37541-060) to stay at Allenwood atleast one (1) year clear conduct before they granted a transfer. Ignoring the fact that Petitioner should have never been sent to a medium facility anyway and "overlooking F.C.I. Elkton's administration violation in their paper work to send Petitioner to a medium facility – far away from his family in Ohio. "See inmate file".

(7)

Therefore, While residing at F.C.I. Allenwood med. Petitioner was forced to contact Senator C. J. Prentiss of Columbus, Ohio - who in turn contacted Congresswoman Stephanie Tubbs-Jones of Shaker Hts, Ohio & Washington D.C., to assist him in getting removed from the medium institution at Allenwood and transferred back to a low security institution, preferably closer to Petitioners home of Cleveland, Ohio.

To date, Petitioner and his family has contacted both the Senator and Congresswoman to enlighten them that Petitioner no longer resides at Allenwood, but since then has been sent to a Federal Medical Center in Ayer, Ma. and Petitioner has no medical problems and fears for his safety and well being while being at Ft. Devens. Because Petitioner should have never been sent to Ft. Devens and has expressed his fears of being sent to Devens while still residing at Allenwood med. when Petitioner learned of his being designated to F.M.C.-Ft. Devens, because he knew who resided there at Ft. Devens.

However, Because Petitioner only knows his codefendents - relatives, friends, associates, & acquaintences by nick/street names only, the Warden D. L. Winn and the unit staff here at Devens said that Petitioner has not provided enough information to warrant a security transfer, and/or transfer period to another low security institution. So Petitioner remains in the S.H.U.- the hole. And the staff will not assist Petitioner with legal necessities.

(8)

Furthermore, Upon Petitioners arrival here at Devens on July 27, 2004, he has written to the Northeast Regional Office And in their reply stated; "That Petitioners issues was not sensitive enough to warrant a transfer", and that Petitioner needed to file an administrative BP-9 to the Warden here at Devens before moving on to the region at that level. "See attached letter" – from the regional office.

Petitioner has since filed the necessary BP-9 to the Warden here at Devens and it was denied. Therefore, Petitioner has filed his BP-10 to the Northeast Regional Office and to date awaits their reply. And enclosed with this motion and summary in support of, Petitioner has added the responses of the Warden here at Devens and from the Northeast Regional Office.
Petitioner has also sent a written letter to his A.U.S.A. in Ohio with the hope that he will sympathize with Petitioner to finally honor their agreement, which to date the A.U.S. has neglected to do.

Also, Petitioners A.U.S.A. has neglected and ignored verbal threats and a threatening letter to Petitioner and his family and according to 5K.1 (C) or (E), Petitioner should receive some type of compensation for his harrassment, threats, and continued mental abuse here in the B.O.P. because of his helping to make the F.B.I. and the U.S. Governments job easier, and in return the government is ignoring Petitioners issues and pleas for assistance. Petitioner was forced at times to carry a homemade weapon because of the threats & harrassment.

On or about April 9, 2000 Petitioner was promised no jail time and/or an early release for his cooperation with the F.B.I.

On or about late April-May 2000 while residing at Euclid City Jail in Euclid, Ohio Petitioner was "again", promised no jail time and/or an early release for the information that he gave the F.B.I. — and F.B.I. Agents Lisa Kaplin & John (last name not recalled), lied to Petitioner to get the information from him. Stating: Petitioner asked where was his attorney at and the F.B.I. lied and told Petitioner that his attorney gave them consent to visit with him. After the visit with the agents Petitioner immediately called his attorney to verify the agents visit, and Petitioners attorney gave no such consent therefore, causing Petitioners attorney to believe that Petitioner was lying when infact, all visits to a City Jail by authority is recorded in writing and logged in a book.

Therefore, On two (2) occasions Petitioner had promises made to him and Petitioner has witnesses of two (2) former attorneys and Petitioners A.U.S.A. knew of the promises made to him and Petitioners A.U.S.A. still refused to honor the promises made to Petitioner — threatening Petitioner that he (the A.U.S.A.) would send Petitioners count-2 of his indictment (1:01CR211) Hobbs Act Robbery, back to Erie, Pa. if Petitioner persisted on about the promises being made. Where Petitioner faced a substantial amount of time in Pennsylvania if his case were to be transfer back to that State jurisdiction. Which by law is intimidation and/or a threat.

(10)

Wherefore, In conclusion, Petitioners A.U.S.A. Edward Feran of Ohio seems to be above and beyond the law concerning Plea Agreements, Sentencing Transcript, Judgement Commitment, Promises made to Petitioner, and not adhereing to threats being made to Petitioner and his family, etc.

And Petitioner wants to know, why, after he has upheld his end of their plea agreement, the Petitioners A.U.S.A. is continuously allowed to not uphold his, which should be considered a breach of plea agreement, Why?

But Petitioner is not learned at law and therefore, prays that this Honorable Court will address Petitioners issues at hand and/or notify Petitioners sentencing Judge Peter C. Economus in Youngstown, Ohio, that promises were made to Petitioner, threats were made to Petitioner and his family, and Petitioner continues to under go security issues here in the B.O.P. to the point of having filed a civil action and placed under "protective custody" to date. All because Petitioners A.U.S.A. Edward Feran keeps neglecting and ignoring sensitive, threatening, & promised issues concerning and surrounding Petitioners case and his safety and well being. That has lead Petitioner to date, to be housed in a S.H.U. under "protective custody" here at Devens, forced into filing a civil action, and filing a 2241 for Petitioners illegal and incorrectly calculated sentence of 9 yrs. 6 mos. 13 days. When Petitioner was given a 92 month sentence on or about June 2002 to run concurrently with his previous sentence of 41 months.

(11)

However, Ft. Devens is a "Federal Medical Facility/Center" and Petitioner has no mental or physical illnesses. And because the drug program has been discontinued at Devens, in its place is a "pedophile/sex offenders program" and Petitioner has no such charge(s) and/or profile.

Devens has no "Unicor" or vocational trades at its facility, and the only institutional jobs available are: the Kitchen/Food Service, the Library, Recreation, the Hospital, Commissary, and/or Facilities which has: HVAC, Electrical, Plumbing, & Painting. Which Petitioner has done and/or is already experienced at. And all of the above mentioned job assignments pay is $12-$25 a month, Maybe! And can in no way assist Petitioner.

Whereas, Petitioner was and desperately needs to be housed at an institution that atleast has a "Unicor" or "vocational trades" available. As Petitioner experienced at Allenwood med. (making $250-$300 a month) not counting a full month of "overtime". Petitioner has a "$355,000" restitution to pay toward.

Petitioner is indigent, has since been placed on commissary restriction because he cannot pay $50-$25 a month that the staff there at Devens requests that Petitioner pay. When Petitioner had paid $25 per 90 day quarter for the past 50-51 months prior to coming to Devens, towards his $355,000 restitution. Petitioner has several civil motions at $150 a piece to pay for and Petitioners family just lost their home due to "foreclosure" and Petitioner currently resides in the S.H.U. under "protective custody" and therefore, needs to be transferred to another more productive & "resourceful" "low security" institution A.S.A.P.

(12)

Wherefore, the Petitioner respectfully requests that this Honorable Court will address all of the issues set forth before it to day and/or prays that the issues that are beyond this courts reach will somehow be redirected back to Petitioners sentencing Judge in the Northern District of Ohio. As promises were made to Petitioner and by law, the Judge should have been made aware of such legal issues. Also, That Petitioners A.U.S.A. has not honored his part of their agreement and should.

The Petitioner prays that this motion is granted and any relief deem proper, in the interest of justice.

Respectfully submitted,

Forest Gilliam-Bey

37541-060

Witness by: →

NAME R.A. Titofer   TITLE Case Manager
AUTHORIZED BY ACT OF JULY 7, 1955,
AS AMENDED, TO ADMINISTER OATHS
(18 USC 4004)   10/15/04

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 17, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : FOREST GILLIAM, 37541-060
      DEVENS FMC    UNT: H UNIT    QTR: Z02-209LAD
      P.O. BOX 880
      AYER, MA 01432


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 347953-R1       REGIONAL APPEAL
DATE RECEIVED   : AUGUST 12, 2004
SUBJECT 1       : TRANSFER FOR PROTECTION REASONS
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 2: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY. YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

GILLIAM, Forest
Reg. #37541-060
Unit H-A

This is in response to your request dated August 3, 2004, wherein you request re-designation to another facility.

You indicate you will refuse placement in the general population, as a result of your concern for the "safety of my well being". You also indicated it is your "right as an inmate to refuse being housed at any institution...".

You have been designated by the Northeast Regional Designator to FMC Devens. You do not have the right to refuse housing at any institution. Your confirmed separations were taken into account when you were designated to FMC Devens, and Bureau of Prisons policy was followed concerning your confirmed separations. You will not be designated to another institution.

In the event that new separations are needed, detailed information, including the name of the separation(s) and the reason for the separation is needed. On at least two occasions, staff from your Unit Team, have met with you to determine this information. During those meetings, you were unable or unwilling to provide this information. As a result, we can not justify your separation from any other inmate(s), and therefore, you will be returned to the general population. If you have new information concerning the need to be separated from any inmate(s) in the general population, you may contact your Unit Team. In addition, if you feel that your immediate safety is in jeopardy, you may contact any staff member for assistance.

I trust this is responsive to your request.

_____
David L. Winn, Warden

8/20/4
Date



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

P.O. Box 880
Ayer, MA 01432

September 27, 2004

Shu

Federal Medical Center, Devens
C/O: Forest Gilliam
Register Number 37541-060
H-A

Mr. Gilliam:

This letter is in response to your correspondence addressed to the Regional Director that was received at this facility on September 15, 2004. In your correspondence, you request a transfer from FMC Devens as you have concerns for your safety if housed in general population.

After an extensive review of file materials, an interview with you and contact with the United States Attorney's Office, there is no evidence to support your allegation that your safety would be threatened if placed in general population at this facility. Therefore, a transfer to another federal facility is not warranted at this time.

In the event you can provide new and specific information concerning the need to be separated from another inmate in general population, you may contact your Unit Team so they may verify the information. Furthermore, you can contact any staff member for assistance if you feel that your safety is in jeopardy.

I trust this response has addressed your concern.

Sincerely,

David L. Winn
Warden

Petitioner had wrote the Regional Director and Thomas Washburn of the region on or about early July 2004, and July 26, 2004 even before Petitioner arrived at Devens.