The Federal District Court
of Boston, Massachusetts

Fred Gilliam,
Petitioner

vs.

Respondent
Warden David L. Winn
F.M.C. Ft. Devens

Case No: 04-40217-RGS

## Letter/Motion

Comes now, Petitioner Pro se, to respectfully request that this honorable court and/or Judge intervene in petitioners issues and on-going problems here at Ft. Devens. Petitioner is afraid for his life while housed at Ft. Devens, and petitioner's hair has fallen out and petitioner cannot hold food in his stomach, due to the anxiety because of the vindictiveness and the retaliation of the staff members at Ft. Devens. Help me please!!

Petitioner asks for this court to be aware in the manner in which his letter/motion has been sent and/or presented. But the staff at Ft. Devens has refused petitioner to use more administrative remedy complaints, refused petitioner a copy of his BP-338/sensitive certain level shot, refused to take petitioner's legal mail, and if petitioner's legal mail is taken not all of it reaches its destination. So petitioner is forced to send his legal mail and this letter/motion in some one else's name. In this I apologize!!

(1)

Therefore, Petitioner beg of this court and/or Justice to intervene as petitioners mental inmate profile is being assassinated by the staff at Ft. Devens and petitioner does not want to die here in prison.

Since July 27, 2004 petitioner has refused general population in accordance to Policy Statement 5270.07 Protection Cases § 541.23 (a)(7). Nothing more, nothing less.
And because petitioner was unable to provide certain inmate names in accordance with petitioners refusal of general population, petitioners assigned unit staff has conspired with the Warden and the institutional DHO Mr. Bracy to retaliate against petitioner for his numerous administrative remedy complaints, because petitioner has contacted certain political figures to assist him with his sensitive issues at Ft. Devens, and because petitioner has filed a 2241 Petition against the Warden David L. Winn. The petitioners assigned unit staff, the Warden, & the DHO have disregarded and ignored all policy statements and 28 CFR policy statements and continue to bestow cruel and unusual/unnecessary punishment upon petitioner.

Furthermore, Since petitioner has contacted Congressman Robert "Bobby" C. Scott of Richmond, Va — Congressman Scott has attempted to assist petitioner with his issues at Ft. Devens and in retaliation petitioners assigned Unit mgr. Ms. Janie Johnson in accord with Warden Winn and the DHO Mr. Bracy, have continuously issued petitioner incident reports for refusal of population and

(2)

On Nov. 19, 2004 petitioners assigned Unit mgr. Ms. Johnson, in retaliation for the numerous complaints filed against her by petitioner, blatantly lied on petitioner in an incident report that she wrote on petitioner. Ms. Johnson's incident report stated; that petitioners reply was "I Love You Ms. Johnson"!

On Nov. 19, 2004 at approx. 9:00 pm Lt. Darrah read petitioner a copy of the incident report from Ms. Johnson against petitioner for a code 312 (insolence/disrespect towards staff). Lt. Darrah walked away without giving petitioner a copy of the report against him, and to date (Dec. 31, 2004) petitioner has never received a copy of such said incident report of 11/19/04. But Lt. Darrah's report is signed confirming that petitioner was issued a copy of the incident report on 11/19/04 — when petitioner was never given a copy. Which further indicates vindictiveness and retaliation against petitioner because 28 C.F.R. 541.15(a) states; "Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, within 24 hours of the time staff became aware of the inmates involvement in the incident." petitioner never received a copy.

On Dec. 21, 2004 petitioner was interviewed by his assigned unit staff members Case mgr. Mr. Lejien & Counselor Mr. Bonilla as UDC staff to hear this incident report of Nov. 19, 2004, 32 days later. When 28 C.F.R. 541.15 (b.) states; "Each inmate so charged is entitled to an initial hearing before the UDC, held within three work days from the time staff became aware of the inmates involvement in the incident". On Dec. 21, petitioner asked UDC members if

(3)

they had an authorized signed extension from the Warden and they said no. But on Dec. 30, when petitioner appeared before the DHO he maintained a back dated signed extension from the Warden authorizing the 32 day ud delay. Further exhibiting retaliation and vindictive like tactics toward petitioner, as well as abuse of authority.

Also, Petitioners assigned unit staff at USP never gave petitioner a copy of the said incident report on Nov. 21, 2004. When 28 CFR 541.15 (F)(3) states; "The UDC shall give the inmate a written copy of the decision and disposition by the close of business the next day." To date petitioner has no copy of the incident report or of the UDC decision.

So on Dec. 30, 2004 petitioner was called before the DHO with Case mgr. Mrs. Kelly of H-unit as the staff rep. And Mrs. Kelly is a case mgr. under Unit mgr. Mr. Johnson. When 28 CFR 541.17(a) states: "The Warden shall give an inmate advance written notice of the charge(s) against the inmate no less than 24 hours before the inmates appearance before the DHO."

To date petitioner has never received a copy of such said incident report from Nov. 19, 2004 nor has petitioner received any type of written notice from the Warden concerning his DHO hearing. The DHO refused to give petitioner a copy of the incident report and 24 hour notice. But staff rep. Case mgr. Mrs. Kelly assured petitioner that she would bring him a copy of the report and the disposition etc.

(4)

Furthermore, 28 C.F.R. 541.17(c.) states; "An inmate has the right to submit names of requested witnesses and have them called to testify etc." But DHO Mr. Bracy refused to call petitioners witnesses at the SHU Lt. Rupnarde • S.I.S. Lt. Colon • and inmate Paul Agnaro # 83640-054 stating; petitioners witnesses are irrelevant to the said incident report of code 312 insolence against petitioner. The incident the DHO used a written statement of Officer Ouimette, who was present on Nov. 19, 2004 and whom petitioner has called as a witness also.

Wherefore, Even though Officer Ouimette was standing at petitioners door at the time of the said incident on 11/19/04, Officer Ouimette has previously stated to petitioner that "inmates are unusually rude among staff and officers alike and that is, no officer or staff member shall testify against another one." With that said, Officer Ouimette although said that he was too far down the range and had no knowledge of what was said between petitioner and Ms. Johnson. However, In Ms. Johnsons written report against petitioner of Nov. 19, 2004 Ms. Johnsons report places Officer Ouimette right at petitioners door because she indicated the officer in her report as being a witness for petitioner etc. And Ms. Johnson herself stated that Officer Ouimette was near to hear what petitioner stated. But as further proof of retaliation, vindictiveness, and abuse of authority, petitioner was given a direct order by the DHO to keep quiet and the DHO ignored petitioners verbal statement and put down what he

(5)

wanted to of petitioners oral testimony. Thus exercising further abuse of authority.

Therefore, In further proof of retaliation, harassment, vindictiveness, and abuse of authority towards petitioner, on Nov. 15, 2004 Warden Winn granted petitioner (inmate Gilliam) a transfer — received in writing on Nov. 18, 2004.

On Nov. 19, 2004 Unit mgr. Ms. Johnson visits petitioner enraged because petitioner has contacted Congressman Scott, and therefore Ms. Johnson presents petitioner with a "Release of Information Form" from the Congressman office for the petitioner to sign. And in retaliation Ms. Johnson issues petitioner an incident report ("that day") because she claims that petitioner said; ("I Love You Ms. Johnson"). Jesus Christ!! The false accusations do not fit the model inmate profile.

Furthermore, and in accordance with common sense, why would petitioner Watonbu disrespect a staff member when he has been granted a transfer — approved (1) day before Ms. Johnsons visit? Also, Petitioners file displays no such behavior and prior to petitioners arrival at Ft. Devens on July 7, 2004 petitioners file was that of a model inmate with no incident reports, no disciplinary actions or sanctions in 50-51 months of petitioners existence in the federal B.O.P. Thus further indicating that since July 7, 2004 upon petitioners arrival at Ft. Devens, that every incident report and sanction

(6)

that's been bestowed upon petitioner stems from and/or by way of the staff's retaliation towards petitioner for his refusal of general population, for contacting political figures, and for filing a 2241 Petition against Ms. Johnson and Warden Winn.

Which according to 42 U.S.C. § 1997 d. is "Retaliation".

Therefore, Petitioner in accordance with his relief requested in his original 2241 Petition — begs of this court to intervene in petitioner's on going issues with the Warden and his staff at Ft. Devens.

Wherefore, the Warden is just as guilty as Ms. Johnson and his staff because he has to sign and/or finalize all administrative complaints and documents. So it's not as if he is not aware of what's transpiring with his staff against petitioner.

For the record, On Nov. 19, 2004 because of Ms. Johnson's attitude towards petitioner, the petitioner said to Ms. Johnson's vindictiveness that day was: "No matter how bad you treat me Ms. Johnson Allah (God) loves you". Nothing more nothing less.
And that was. Ms. Patterson was present and in agreement with petitioner and his positive attitude towards Ms. Johnson's rage and vindictiveness because when petitioner made his statement to Ms. Johnson, Ms. Patterson smiled

(7)

and nodded her head in agreement with petitioners words, tone, and selective use of positive words toward Ms. Johnson.

However, in accordance with Ms. Joy's own retaliation and vindictiveness towards petitioner and her incident report of Nov. 19, 2004 aimed at assassinating petitioners model inmate status, rights, and institutional record, that mgr. Ms. Patterson, submitted a signed written statement in accordance with Ms. Johnsons incident report against petitioner which further supports Officer Chipouras's statement to petitioner, that the officers and staff here at Ft. Devens support each other whether their right or wrong.

And in accordance with that unwritten rule concerning officers and staff members, the officers and staff members are never wrong. And why would they be, when its only the petitioner (an inmate) who is being wronged and/or lied on. And so, Warden Winn explained to petitioner on Nov. 4 that he (the petitioner) has no rights while residing here at Ft. Devens.

Therefore, When Lt. Farrah read petitioner his rights and read the initial incident report on Nov. 19, 2004 at 9:00 PM the incident report was for only 312 inscience aful. However, When petitioner arrived before the DHO on Dec. 30, 2004 the original report and code was changed from 312 to

(8)

code(s) 307 (refusing a direct order) & 312 insolence (disrespect)

The DHO found petitioner guilty of code 312 insolence toward a staff member and informed petitioner that his incident report could have been changed to reflect that of code 206 (making sexual advances or threats toward a staff member) or threat.

Petitioner was given 90 days phone restriction from a pending incident report from Oct. 29, 2004 for refusal of general population, when petitioner was immune from such an incident report in accordance with policy statement 5270.07 etc. Also, Petitioner received fine (5 DAYS) loss of good time.

But because the DHO has been conspiring with Warden Winn, P.W. Mrs. Schult, & Unit mgr. Mr. Cohison and staff, petitioner has reason to believe that in accordance with the DHO's denial of Oct. 29 – Dec. 10, 2004 when he delayed in issuing petitioner his decision & disposition for 42 days — and within that 42 day delay the DHO had changed the original code of the report and issued upon the petitioner an originally suspended sanction. When the 28 CFR states that the petitioner and/or (an inmate) should receive the DHO's decision etc. within ten (10) days — not 42 days later, and everything changed. Petitioner argues that the DHO in his/her retaliation will yet again change petitioner's incident report code(s) from 307 & 312 to that of 206 as he mentioned he could on Dec. 30, 2004.

(9)

And as in a repeat performance stemming from his denial of Oct. 29 — Dec. 10, 2004. But changing petitioner's code to not bestowing upon petitioner more sanctions, when the original sanctions from Oct. 29 were suspended and... After all, to date petitioner has never been issued a copy of the initial incident report of Nos. 19, 2004 — and petitioner has never received a copy from the USDC hearing, nor has petitioner received a copy of the changed incident report and codes that the DHO handed to petitioner on Dec. 30, 2004. So its safe to say that in further retaliation against the petitioner — the Warden, the Assistant Warden Mr. Johnson and staff can inflict/bestow upon petitioner whatever they please via the DHO's changed report and/or sanctions, because its the staff's word against the petitioner's (an inmate's). And to date all staff members mentioned and/or concerned/involved have refused or denied the petitioner any written paper work, copies, etc. concerning the incident of Nos. 19, 2004.

Petitioner is literally helpless in giving a timely appeal within ten (10) to the Regional Director, because the petitioner has no documents and the staff has written in their reports that they have issued petitioner a copy of the initial report etc. Thus further insulting petitioner's intelligence. Because petitioner say nothing the staff, but will report or evidence and therefore rendering the petitioner helpless in this underhanded matter. Plus the staff has refused to issue petitioner any admin. complaints so....

(10)

The petitioner would also like the record to reflect that, upon the conclusion of the DHO hearing on Dec. 30, 2004, while petitioner was standing alone with DHO Mr. Bracy waiting to be escorted back to his cell, the DHO said; "Quote"; I heard you like filing administrative remedy complaints, calling on political figures, and filing petitions against staff members and the Warden, petitioner (Mr. Gilliam) — well be sure to include this incident in your next filing because I (the DHO) am an expert at what I do and you petitioner (Mr. Gilliam) are an inmate. And if we ever do so far as to enter a federal court, who do you think that they will believe? And that he (the DHO) is the Congressman, the Federal Judge, and Executioner here at F.M.C. Devens. End Quote.

Thus further showing and indicating harassment, retaliation, vindictiveness, and abuse of authority towards petitioner for petitioners effort of trying to safeguard his well being and or petitioners following of his administrative rights etc.

Since July 27, 2004 petitioners sixth amendment rights have been violated, his administrative remedy process obstructed and impeded upon, and now pro Warden J.W. Mrs. Schult, Unit mgr. Ms. Johnson and staff, via the DHO, have conspired to further retaliate against the petitioner in an incident report from Nov. 19, 2004 where petitioner supposedly said; "I Love You Ms. Johnson". Also, the DHO's denial of Oct. 29 - Dec. 10, 2004 when he should have issued his decision within 10 days —

(11)

Not 12 days later and the code and sanction changed.

However, S.I.S. Investigator Lt. Colon interviewed petitioner on Nov. 20, 2004 three days after the alleged incident concerning petitioner and Ms. Johnson. Lt. Colon was interviewing petitioner about one of the BP-9 complaints that he filed against Ms. Johnson — and Lt. Colon was aware that petitioner never received a copy of the incident report of Nov. 14, 2004 and therefore, informed petitioner that the incident report was no longer any good because petitioner never received a copy of the report within 24 hours of the incident. So in accordance with 28 C.F.R. statements. The S.H.U. Lt. Hufnagle also knew that petitioner never received a copy of the incident report and also informed petitioner that the report was no good and should be dismissed.

But the DHO refused to call petitioners witnesses, he refused to hear petitioners story that would have proved Ms. Johnson was lying. And that she has previously lied on petitioner, staff rep. Mrs. Kelly just sat there and objected to nothing that the DHO said or done, and the DHO intimidated petitioner during the whole DHO hearing and never allowing petitioner to fully explain his case.

Therefore, Petitioner is at his wits end and has not eaten in three (3 days) now. Petitioner has to accept his food trays anymore or else he will be labeled as a refusal to eat and placed on N-1 naked in a cold cell under so called "psych-observation". So to avoid being labeled crazy petitioner just accepts his food but cannot eat it.

(12)

To date petitioner has five (5) administrative complaints missing, disposed of, and/or unanswered. Every administrative remedy complaint that petitioner files at the administrative level (BP-8/9; BP-9), Ms. Johnson and/or staff disposes of them, hides them or to this day since Sept. they have never been answered.

And whenever petitioner attempts to file a sensitive BP-9 directive to the Regional Director concerning any issues with the Warden and/or Ms. Johnson, it is denied/rejected stating: that my issues are not sensitive enough, and that I need to file at the institutional level first. <u>See rejection notices attached</u>.

So therefore, petitioner can never get his complaints or issues heard unless the federal court and, or Judge intervenes.

Wherefore, it appears that petitioner's assigned Unit mgr. Ms. Johnson and staff A. Warren, the NEAC, the Warden, and the Northeast Regional Office have obstructed and impeded upon petitioner's administrative remedy complaint process. Petitioner has repeatedly been informed by the regional office that staff lying, falsifying IFRP payments, and raising/increasing petitioner's security level under such false pretense, is not sensitive enough for petitioner to file at that level. Yet when petitioner files at the institutional level the complaints disappear or are never answered.

Therefore, Petitioner is literally at a dead end road attempting to get his issues solved at any level while filing at an institutional level and, or regional level.

(13)

<u>Please review "Rejection Notices" attached.</u>

Petitioner has filed at both levels (institutional & regional) and has fully explained about the deceit, vindictiveness, and retaliation of the staff members and the Warden at Ft. Devens but all to no avail. The Northeast Regional Office has continuously rejected petitioners complaints stating that petitioners issues are "not sensitive enough" etc.

Furthermore, there are various other inmates at Ft. Devens in the S.H.U. with legal and/or medical issues and the staff and/or Warden just ignores "all inmates" and their complaints/requests.

Inmate Kenneth Eugene Burgi #30255-037 cell #201 in the S.H.U. (the hole) has had his finger broke (right) since Nov. 21, 2004. It was x-rayed on Dec. 27, 2004 and to date the medical staff has neglected to fix his finger — 41 days now. He was informed that his finger has to be rebroke and he has to have a pin put in it. But when?

Therefore, there are numerous of never ending issues at F.M.C. Ft. Devens and they need to be investigated, reprimanded, and encouraged to change their deceitful like tactics towards inmates.

Petitioner prays that this court accepts his memorandum and letter/motion in support of his "instant" petition as the staff and the Warden at Ft. Devens are wrong and appears to be above the law.

(14)

Therefore, Petitioner respectfully requests that the court and/or Judge intervene on petitioners sensitive pressing issues at Ft. Devens. As the Warden and his staff are not adhering to the policy statements and/or the C.F.R. statements and therefore, petitioner is being dealt with by way of abuse of authority.

Petitioner once again apologizes to the court and to the Judge residing in petitioners case for this is the only way that petitioner can get his legal mail out of Ft. Devens --- via someone else's name.

Respectfully submitted this Dec. day of 31st, 2004.

Lorel Gilliam #37541-060
F.M.C. Ft. Devens - (SHU)
P.O. Box 879
Ayer, Ma. 01432

RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 3, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DEVENS FMC

TO  : FOREST GILLIAM, 37541-060
      DEVENS FMC      UNT: H UNIT      QTR: Z02-223LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 357033-F1
DATE RECEIVED   : OCTOBER 27, 2004
RESPONSE DUE    : NOVEMBER 16, 2004
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       : HARASSMENT BY STAFF
INCIDENT RPT NO :

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 14, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : FOREST GILLIAM, 37541-060
      DEVENS FMC       UNT: H UNIT       QTR: Z02-223LAD
      P.O. BOX 880
      AYER, MA 01432

Mailed 12-16-04 M

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 361484-R1      REGIONAL APPEAL
DATE RECEIVED   : DECEMBER 3, 2004
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO :

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL. YOU SHOULD HAVE FILED AT THE INSTITUTION, REGIONAL OFFICE, OR CENTRAL OFFICE LEVEL.

REJECT REASON 2: YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)

REJECT REASON 3: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL AT THIS LEVEL.

REMARKS         : THIS ISSUE MUST FIRST BE ADDRESSED BY THE WARDEN.

*[Handwritten note:] Petitioner filed to the Warden and Ms. Coleman disposed of his complaint as she always does.*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 14, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO : FOREST GILLIAM, 37541-060
DEVENS FMC      UNT: H UNIT      QTR: Z02-223LAD
P.O. BOX 880
AYER, MA 01432

Mailed
12-16-04
M

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID         : 359938-R2       REGIONAL APPEAL
DATE RECEIVED     : DECEMBER 3, 2004
SUBJECT 1         : SECURITY/CUSTODY CLASSIFICATION - EXCEPT PSF APPEALS *
SUBJECT 2         : INMATE FINANCIAL RESPONSIBILITY
INCIDENT RPT NO:

REJECT REASON 1:  YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                  WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
  * →             INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                  OFFICE LEVEL.

REJECT REASON 2:  YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER
                  FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)

REJECT REASON 3:  YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                  FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                  AT THIS LEVEL.

REMARKS           : ISSUES REGARDING THE WARDEN'S RESPONSE TO YOUR BP-9
                  MUST BE APPEALED TO THE REGIONAL OFFICE IN PROPER
                  FORM. NEW ISSUES MUST BE ADDRESSED BY THE WARDEN.

Petitioner has repeatedly filed at the institutional level only to have his complaints destroyed and/or unanswered by Ms. Johnson, her staff, and or the Warden Richard L. Winn. In retaliation for filing administrative remedy complaints, contacting political figures, and for filing a 2241 Petition against the Warden. So petitioner has been told.