The [illegible] [illegible] Court
of Boston Massachusetts

[illegible] William * Case No. 04-40217-RGS
Petitioner *
*
vs. *
*
[illegible] [illegible] *
[illegible] David [illegible] Winn *
[illegible] L. H. [illegible] *

## Petitioners Motion To Support Still Pending 2241 Petition

Come now, Petitioner ([illegible] William), Pro-Se, [illegible] respectfully move this honorable court to [illegible] this [illegible] to the already filed 2241 Petition [illegible] [illegible] [illegible] [illegible] requested relief in his initial 2241 Petition of Oct. 17, 2004. [illegible] is being [illegible], [illegible] [illegible], being the victim of [illegible] [illegible] [illegible] [illegible] from petitioner "[illegible] [illegible] [illegible] [illegible] [illegible]". petitioner [illegible] [illegible] [illegible] reports [illegible] [illegible] alia [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] on those reports, and petitioner [illegible] [illegible] [illegible] under [illegible] [illegible].

[illegible]

Memorandum In Support of Initial Petition

Since July 27, 2004, upon petitioners arrival at F.M.C. Ft. Devens petitioner has refused general population in accordance to Policy Statement 5270.07, Protection Cases § 541.23 (6.) (7.), "See copy attached". Exhibit - A

However, the petitioners assigned Unit mgr. Mr. [illegible] and Warden David L. Winn blatantly ignored all federal B.O.P. policy statements and C.F.R. statements pertaining to petitioners sensitive issues, and [illegible] in the federal B.O.P., and Unit mgr. Mr. [illegible] [illegible] to take petitioner [illegible] [illegible] [illegible] [illegible]. [illegible] petitioners interview(s) with Mr. [illegible] and other [illegible] officials at Ft. Devens, [illegible] petitioner was unable to [illegible] [illegible] name [illegible] [illegible] [illegible] general population — petitioners sensitive issues were [illegible] and [illegible] and petitioner was repeatedly [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] petitioner was [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] and petitioner [illegible] [illegible] [illegible] [illegible] (6 years) [illegible] [illegible] to [illegible] [illegible] [illegible].

[illegible]

"See copy attached". [illegible] - [illegible]

Furthermore, Policy Statement 5100.07 states that an inmates security level should not be increased for and because of 300 series incident report.

The petitioners only incident reports were of 300-series and/or petitioner should have never been moved [illegible] [illegible] security according to the [illegible] [illegible] [illegible] here in this Memorandum.

I have [illegible] "[illegible] [illegible] into Chronological [illegible]" — "[illegible] attached [illegible] - B

[illegible] [illegible] with [illegible] [illegible], retaliation, harassment, and abuse of authority on Unit [illegible] [illegible] [illegible] — [illegible] petitioner [illegible], On or about [illegible] [illegible], 2004 petitioner was [illegible] to pay [illegible] ($50) a month [illegible] restitution [illegible] payment. When [illegible] [illegible] [illegible] petitioner [illegible] [illegible] [illegible] paid $25 every 90 day period [illegible] B.O.P. policy — until [illegible] petitioner [illegible] [illegible] [illegible]. At which time petitioner [illegible] [illegible] pay "a month" — [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

[illegible] petitioner [illegible] that [illegible] [illegible] to [illegible] 4-5 [illegible] [illegible] [illegible] Counsel Smith [illegible] [illegible] that [illegible] [illegible] [illegible] and that the [illegible] is [illegible] [illegible] — as to [illegible] petitioner to [illegible] general [illegible].

[illegible] stated; "that as a [illegible] [illegible] [illegible] [illegible] [illegible] at their [illegible] [illegible] and [illegible] [illegible] [illegible] A-Unit". [illegible] Counsel Smith, [illegible] — [illegible] [illegible] [illegible] [illegible] — [illegible] petitioner [illegible]

5. [illegible] petitioner [illegible] [illegible]

[illegible]

Soon after the initial [illegible] payment plan was [illegible] the Unit Team on Oct. 28th [illegible] that Unit [illegible] was wrong in his calculating of [illegible] initial payment plan — still because of Mr. Johnson [illegible] petitioner for retaliation and [illegible] [illegible] and [illegible] complaint [illegible] against [illegible] petitioner [illegible] [illegible] and [illegible] corrected. Petitioner [illegible].

[illegible] Thousand [illegible] petitioner's account [illegible] [illegible] account [illegible] inmate [illegible] [illegible] "again" — [illegible] Unit [illegible] and Mr. [illegible] [illegible] initial calculation [illegible] [illegible] and [illegible] [illegible] petitioner's account [illegible] [illegible] [illegible]

4. [illegible] Because [illegible] and circumstances [illegible] Unit [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

Eleanor Holmes-Norton of Washington D.C. • Senator [illegible] Robert Byrd [illegible] C. Scott of Richmond, Va. • and the Attorney General "at the time" John A. Ashcroft — now Alberto Gonzales.

On or about Nov. 4, 2004 petitioner had a verbal confrontation with Warden [illegible] Winn while the warden was [illegible]. On Nov. 5, 2004 Warden Winn [illegible] petitioner [illegible] assigned unit team members to minimize the petitioner['s] [illegible] petitioner requests, security issues, etc. On Nov. 5, 2004 petitioner [illegible] request[ed] [illegible] verbally and by a written request to the warden and [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] petitioner['s] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] petitioner['s] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

problem, issues, and circumstances at [illegible]

[illegible] [illegible] [illegible] [illegible] prior date [illegible] majority and [illegible] in [illegible] the petitioner [illegible] [illegible] [illegible] [illegible] reports [illegible] [illegible] reports, and petitioner [illegible] [illegible] [illegible] [illegible] [illegible] by [illegible] unit staff, and [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] institution [illegible] [illegible] [illegible] of [illegible] inmate [illegible] prior to [illegible] arriving [illegible] [illegible] 2004. [illegible]

[illegible] Warden [illegible] petitioner [illegible] transfer on [illegible] 15, 2004 — [illegible] on [illegible], 2004. [illegible] attached as exhibit "[illegible]". [illegible] attached" in [illegible] [illegible] administrative remedy [illegible] [illegible] [illegible] [illegible] — Exhibit "E"

[illegible]

[illegible] [illegible] [illegible] [illegible]

from the office of Congressman Robert "Bobby" C. Scott for petitioner to sign! Ms. Johnson said that she forgot the form and had to go back to the dorm to retrieve it. Upon her return petitioner was in the process of getting his haircut, so Officer Ouimette 1st shift had [illegible] [illegible] stop and the officer escorted petitioner (Gilliam) back to his cell in order to sign the Info. Release Form. Unit mgr. The Johnson was very nervous because petitioner had contacted the Congressman, and even more upset that information about petitioner's issues, only she (Ms. Johnson) would possibly be responsible to the Congressman. So during the signing of the form Ms. Johnson in "retaliation" informed petitioner (Gilliam) that he would be placed in his cell in general population that day (Oct. 19, 2004) knowing that petitioner would refuse and that in return petitioner would be issued an incident report and sanctioned on that report etc.

[illegible] petitioner asked Unit mgr. Ms. Johnson [illegible] [illegible] petitioner a [illegible] [illegible] [illegible] [illegible] [illegible] petitioner a [illegible] on Oct. 5, 2004 [illegible] on Oct. 18, 2004 — the day before Ms. Johnson [illegible] with the Info. Release Form to be signed by petitioner? [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

Petitioner responded with; "Mr. Johnson [illegible] [illegible] have bad [illegible] me! Allah (God) still loves you". [illegible] Ouimette were present as well as Unit mgr. Mr. Patterson.

Unit mgr. Mr. Johnson in retaliation issued petitioner (Forest Gilliam) an incident report that [illegible] [illegible] (disrespect) [illegible] [illegible] [illegible] [illegible] petitioner repeatedly said: "I [illegible] [illegible]". [illegible] Unit mgr. Mr. Patterson [illegible] [illegible] agreeing with Unit mgr. Mr. Johnson [illegible] "[illegible] [illegible] the same today"!

[illegible] Mr. Johnson [illegible] report [illegible] [illegible] Ouimette [illegible] [illegible] said: "[illegible] Ouimette, Ouimette [illegible] [illegible] [illegible] [illegible]" — [illegible] [illegible] report.

[illegible] [illegible] Ouimette [illegible] [illegible] Mr. Johnson [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] Ouimette [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] [illegible] [illegible] Ouimette [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

Gilliam, the night [illegible] at approx. 9:00 pm — and [illegible] petitioner [illegible].

After [illegible] petitioner [illegible] Lt. [illegible] without [illegible] [illegible] (inmate Gilliam) a copy of the report [illegible] had petitioner [illegible] would [illegible] [illegible] (inmates) [illegible] would be nothing more [illegible] petitioner's [illegible] issue [illegible].

On [illegible] 21, 2004 — "32 days later" petitioner [illegible] [illegible] of Case [illegible] and [illegible] came to [illegible] petitioner on the incident report. [illegible] 28 C.F.R. 541.15 [illegible] "[illegible] when an inmate charged with violating a [illegible] rule a written copy of the charge(s) against the inmate, [illegible] within 24 hours [illegible] time [illegible] name of the inmate [illegible] in the incident." Also, 28 C.F.R. 541.15 [illegible] "[illegible] inmate [illegible] is entitled to an initial hearing before the [illegible], ordinarily held within three work days from [illegible] the [illegible] of the inmate's involvement in the incident." [illegible] 28 C.F.R. 541.15 (b) [illegible] [illegible] a written copy of the [illegible] [illegible] work day."

[illegible] 541.15 [illegible]

To this day (Dec. 24, 2004) petitioner (inmate Gilliam) has never received a copy of the incident report from Nov. 19, 2004. And in accordance with the C.F.R. policies mentioned in this memorandum — the incident report is no good and should be dismissed.

And if petitioner had or if petitioner received a copy of such said incident report, it would be with, or sent along with this memorandum.

However, On Dec. 23, 2004 the petitioner seen [illegible] Brown in the range of the S.H.U. and spoke with him briefly about the incident report, the C.F.R. statements, in time length in between the [illegible] [illegible] petitioner, and petitioner never receiving a copy of the report etc., [illegible] stated: "That the report indicates that petitioner (inmate Gilliam) received a copy of the incident report and that he was not concerned with petitioner receiving a report or not — he would still [illegible] petitioner-Later."

Previous [illegible] and [illegible] after the incident of Nov. 19, 2004 the petitioner was interviewed by [illegible] [illegible] concerning a complaint [illegible] that petition [illegible] [illegible] [illegible]. [illegible] [illegible] petitioner at their meeting on Nov. 22, 2004 — [illegible] [illegible] [illegible] (petitioner) [illegible] receiving a copy of the incident report [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] received a copy of the Incident Report of Nov. [illegible] 2004. As well as [illegible] memo [illegible] [illegible] [illegible] [illegible] concerning the incident [illegible] Dec. 21, 2004/30 [illegible] false.

[illegible] was unaware that petitioner never received a copy of the incident report of Nov. 19, 2004 because he was unable to read [illegible] his complaint in writing.

[illegible] the incident of [illegible] [illegible] [illegible] petitioner [illegible] in writing [illegible] [illegible] Investigation [illegible] — [illegible] petitioner [illegible] Oct. 2004 [illegible] petitioner [illegible] [illegible] warden [illegible] Oct. 14th 15th 2004 that petitioner wanted/requested to be placed [illegible] "protective custody" [illegible] [illegible] with [illegible] [illegible]

[illegible] [illegible] [illegible] [illegible] incident reports for refusal of [illegible] because it was not [illegible] [illegible]

[illegible] [illegible] [illegible] pods [illegible]

[illegible]

[illegible] on the [illegible] because the [illegible] report against the petitioner's (Arnold [illegible]) [illegible] was [illegible] with [illegible] on [illegible] [illegible] [illegible] [illegible] was the [illegible] [illegible] [illegible] [illegible]

[illegible] [illegible] [illegible] [illegible] [illegible] petitioner's (Arnold Gibbons) [illegible] [illegible] [illegible] [illegible] [illegible] on Jan. 19, 2004 — [illegible] [illegible] Mr. Johnson composed a letter to the Congressman's Legislative Assistant / Ms. [illegible] Bonnie [illegible] concerning petitioner's issues and [illegible] [illegible] and [illegible] the Warden David L. Winn [illegible] [illegible] are attached as — Exhibit F"

In that letter to the [illegible] [illegible] [illegible] Janie [illegible] Defendant [illegible] [illegible] petitioner (Arnold [illegible] Gibbons) and [illegible] as Exhibit - G" [illegible] a letter from the petitioner dated [illegible] 2004 [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] National [illegible] [illegible] [illegible] and [illegible] [illegible] [illegible] to the Regional [illegible] [illegible] petitioner [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] that [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

The other two [illegible] letters were sent to Mr. T. [illegible] [illegible] Assistant to Congressman Scott [illegible] to Mr. [illegible] and Congressman Scott that petitioner made his security issues known [illegible] at [illegible] in [illegible] mid [illegible] when petitioner learned of his being [illegible] to [illegible]. Petitioner went to the Unit [illegible] at [illegible] [illegible] to write [illegible] of the [illegible] Regional Office while still residing at [illegible] [illegible] also wrote the [illegible] again from [illegible] on [illegible] and the Regional Director on [illegible] 2004 before [illegible] [illegible] 2004. Petitioner also [illegible] with [illegible] Mr. [illegible] of Mr. [illegible] [illegible] and [illegible] his security issues [illegible].

Petitioner will forward the other two (2) letters sent to the Congressman [illegible] are [illegible] returned. [illegible] petitioner can not [illegible] anything [illegible] [illegible] Unit [illegible] The [illegible] will [illegible]!

[illegible] (?) petitioner [illegible] his security issues known [illegible] [illegible] [illegible] [illegible] of petitioner [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] petitioner [illegible] with the [illegible] [illegible] and [illegible] [illegible]

2) [illegible]

[illegible]

towards petitioner inmate [illegible]). And for what? Petitioner only defense was [illegible] his [illegible] and [illegible] and Mr. [illegible] and staff treats petitioner as if he has committed another crime [illegible] at [illegible]. [illegible] petitioner arrived here at [illegible] petitioner [illegible] file record was that of a model inmate. And even now with Unit mgr. Mr. [illegible] unprofessionalism, vindictiveness, harassment, and [illegible] like [illegible] towards petitioner, petitioner has never over stepped the boundaries of being a respectable inmate.

After all is said and done petitioner was issued a [illegible] for [illegible] Unit mgr. Mr. [illegible], [illegible] because of the complaint [illegible] against him by petitioner. [illegible] Mr. [illegible] [illegible] — [illegible].

Exhibit - G and the other [illegible] letters mentioned, were sent [illegible] by petitioner on the dates mentioned, and returned by [illegible] and the Regional Director to Warden [illegible] at [illegible], and Warden [illegible] stamped the letters and returned it [illegible] to petitioner [illegible] petitioner [illegible] to [illegible] retaliation, abuse of authority, harassment, and [illegible] inmate [illegible]. And [illegible]

[illegible]

[illegible]

Assistant / Mr. A. Barrow ... by way of composing a letter to the Congressman via his assistant in the form of lies about the petitioner dated Nov. 29, 2004 — as exhibit F in this memorandum.

Mr. J[illegible] letter (exhibit - F) is blatant lies from beginning to end — starting with petitioners original [illegible] date which was June 14, 2002 and not June 17, 2002 as Mr. [illegible] Warden - Winn stated.

E[illegible] two [illegible] sentences of 41 mos. & 46 mos. are not running concurrent as petitioners [illegible] Judge Peter R. [illegible] ordered by way of petitioners [illegible] (Commitment) and sentencing [illegible]. Instead, the Federal B.O.P. is running petitioners two sentences partially consecutive, which has forced petitioner to file a 2241 Petition in the Middle District of Pennsylvania filed 8/19/03 - Case No. 3:03-CV-1433 ARC-[illegible] — Judge Richard A. Caputo "Still pending".

Furthermore, [illegible] [illegible] was [illegible] [illegible] and [illegible] towards petitioner, (exhibit - F) the [illegible] stated in [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] at the end of paragraph [illegible] of Mr. [illegible] letter to Mr. [illegible] (exhibit-5), the [illegible] states: "[illegible] petitioner [illegible] was [illegible] of [illegible] his [illegible] [illegible] all subsequent [illegible] population [illegible] to [illegible] [illegible] in [illegible] testimony he had previously provided."

Petitioner refused [illegible] [illegible] of his initial intake [illegible] with [illegible] Mr. [illegible] on [illegible] which [illegible] the date petitioner arrived at [illegible]. Petitioner [illegible] wrote letters to the [illegible] Regional Director, [illegible] with [illegible] of [illegible], spoke with [illegible] [illegible] Mr. [illegible] of unit-J-[illegible], and [illegible] the [illegible] of the [illegible] all [illegible] the [illegible].

[illegible] and [illegible], it's quite obvious that petitioner let it be known that he had [illegible] as soon as he arrived at [illegible].

[illegible] Petitioner [illegible] [illegible] the Petitioner, [illegible] [illegible] [illegible] dated [illegible] [illegible] [illegible] and [illegible] [illegible] [illegible] [illegible].

[illegible] Petitioner [illegible] [illegible] [illegible] [illegible]

[illegible] policy statement 5100 should prevent petitioners security level from being increased for such serious [illegible] policy statement 5270.07 etc. should have prevented petitioner from [illegible] regards [illegible] for request of [illegible] or for refusal of anything, and [illegible] the petitioner has resided in the [illegible] for security [illegible] [illegible] what kind of [illegible] performance can or could he have had [illegible] to be [illegible]?

With [illegible] said "The truth is rarely pure and never simple" and the [illegible] trust and [illegible] that this court and/or the honorable Judge [illegible] it will accept this [illegible] in support of petitioners original petition filed on or about Oct. 19, 2004 [illegible]. [illegible] petitioner is [illegible] being [illegible] and [illegible] by [illegible] Congressman [illegible] and [illegible]. [illegible] what [illegible] petitioner has [illegible] in [illegible] and [illegible] out of [illegible] to [illegible] and [illegible] ? [illegible]

[illegible]

Wherefore, Aside from [illegible] hectic and [illegible] issues in [illegible] B.O.P. at [illegible] the [illegible] and [illegible] of the [illegible] [illegible] of the [illegible] being [illegible] — [illegible] were unknown and were unanswered.

On Nov. [illegible] inmate Shawn [illegible] #21408-057 [illegible] unit was [illegible] into [illegible] into cell #202 with me [illegible]. On Nov. 17, lunch was served (chicken • bread • rice [illegible]) [illegible] served rice & bread [illegible] [illegible] petitioner informed Officer [illegible] [illegible] [illegible] [illegible] the [illegible] [illegible] [illegible] [illegible] [illegible] a [illegible] [illegible] [illegible] and [illegible] [illegible].

[illegible] Nov. 24 lunch was served [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] the [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] always [illegible] [illegible] [illegible].

On Nov. 24, after [illegible] [illegible] inmate [illegible] #21480-037 of cell #204 requested to [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] and inmate [illegible] [illegible] [illegible] [illegible] [illegible] [illegible], Officer [illegible] [illegible] inmate [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] because [illegible] [illegible] inmate [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

On Dec. 2, 2004 inmate "W. Guevara" #15451-014, [illegible] was ushered into the S.H.U. into cell #203 with no [illegible]. The staff also ignored inmate Guevara diabetic issues and [illegible] and he went without insulin all day, getting sick. On Dec. 5th dinner was served, petitioner received [illegible] peanut butter. When petitioner informed Officer [illegible] and [illegible] Officer in Charge Mr. [illegible], [illegible] was sent via the S.H.U. orderly for petitioner to drink [illegible] because [illegible] was [illegible]. Petitioner never did eat that meal. On Dec. 7th inmate [illegible] Howell #[illegible]-082 and inmate Lara #66600-004 were ushered into the S.H.U. into cell #203 and with no [illegible]. [illegible] Howell informed [illegible] on Dec. 9th that he has been without [illegible] for two days [illegible] warden just walked away up the ramp.

Further more, To date it has been over five (5) weeks since petitioner and inmates have received haircuts and a barber should come to the S.H.U. every week — inmates are to [illegible] [illegible] every two (2) weeks.

[illegible] since petitioner and inmates have been allowed to [illegible] [illegible] twice a week.

Petitioner and inmates were without "toilet paper" [illegible] days [illegible] week, [illegible] 19th–22nd.

[illegible]

[illegible] Petitioner and [illegible]

[illegible] cannot cite [illegible]

[illegible]

(20)

There [illegible] no [illegible] books or reading material [illegible] in the [illegible]

Petitioner [illegible] for [illegible] [illegible] juice in the morning although the kitchen [illegible] every morning [illegible] [illegible] in the S.M.U. [illegible] without [illegible] [illegible] underclothes for one [illegible] week [illegible] [illegible] [illegible]. [illegible] underclothes are to be changed three times a week.

[illegible] the [illegible] the [illegible] department made to have a [illegible] at [illegible] hearing [illegible] [illegible] to change [illegible] [illegible] sanction [illegible] did [illegible] petition [illegible] hearing [illegible] Oct. 29, 2004. Where petitioner was given 90 days phone restriction & 90 days commissary restriction — "suspended" [illegible] 180 days [illegible] control.

But because petitioner complained about his [illegible] missing, [illegible] [illegible] administrative remedy complaint; [illegible] [illegible] [illegible] T.F.P.

[illegible] of [illegible] 3 [illegible] [illegible] response [illegible].

[illegible] [illegible] concerning [illegible] [illegible] commissary restriction.

[illegible] on Oct. [illegible] [illegible] suspended sanction [illegible] [illegible] [illegible] [illegible] according to policy [illegible]

507 [illegible] [illegible] filed [illegible]

[illegible]

[illegible] the [illegible] upon petitioner a changed [illegible] from Oct [illegible] 2004. See exhibit "A".

[illegible] 28 C.F.R. 541.17 (g) clearly states: "The D.H.O shall give the inmate a written copy of the decision and disposition within ten (10) days of the D.H.O.'s decision." That [illegible] later and the original sanction and [illegible] code of the report changed. [illegible] was the case with the petitioner — "See exhibit "A".

[illegible] petitioner [illegible] has a witness of the original [illegible] sanctions — Officer K. Wa[illegible] 2nd shift, [illegible] Officer [illegible] was the officer who escorted petitioner [illegible] to his D.H.O. hearing on Oct [illegible] 2004. And the D.H.O. informed [illegible] in writing in the [illegible] inmate sanctioned immediately after the hearing.

[illegible] Dec. 17, 2004 petitioner [illegible] an administrative remedy complaint [illegible] to the Regional Director [illegible] a changed sanction from [illegible] 2004. The complaint [illegible] given to [illegible] Counselor [illegible] for mailing [illegible]

Furthermore [illegible] the court [illegible] Warden [illegible] in [illegible]

[illegible] and Warden Winn had [illegible] [illegible] the warden [illegible] petitioner that [illegible] did not [illegible] any [illegible] [illegible]

[illegible]

[illegible]

On November 4, Warden Winn signed [illegible] in the Governor's [illegible] letter of lies and vindictiveness to Congressman [illegible] "Bobby" C. Scott - Legislative Assistant/ [illegible] [illegible] commenting petitioner, and [illegible] [illegible] "See exhibit - F".
[illegible] petitioner has [illegible] the letter [illegible] [illegible] 3rd [illegible] [illegible] — [illegible] Mr. [illegible] [illegible] [illegible], and [illegible] [illegible] [illegible] [illegible] and [illegible] [illegible] the [illegible] to [illegible] petitioner [illegible] [illegible] in a [illegible] and [illegible] [illegible]. [illegible] [illegible] [illegible] [illegible] [illegible] ([illegible]) [illegible] petitioner [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].
[illegible] [illegible] and [illegible] that the [illegible] [illegible] [illegible] [illegible] [illegible] and [illegible] to the [illegible] [illegible] [illegible] [illegible] [illegible] and [illegible] [illegible].

In [illegible] [illegible] petitioner [illegible] with Warden Winn and [illegible] [illegible] [illegible] [illegible] and [illegible] [illegible] [illegible] [illegible] in the [illegible]. [illegible] petitioner [illegible] [illegible] — [illegible] [illegible] [illegible] [illegible] and petitioner [illegible] and [illegible] with [illegible] [illegible] [illegible] [illegible] [illegible], [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] petitioner [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] 4-5 [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].

Also, In accordance with petitioner's original 2241 Petition of Oct. 19, 2004 petitioner respectfully requests that any of the other issues mentioned in that petition that cannot be addressed by this court that somehow those issues will be sent back to petitioner's sentencing Judge Peter C. Economus of the Northern District of Ohio, Eastern Division.

Petitioner also would like to inform the court [illegible] and that within [illegible] [illegible] [illegible] [illegible] [illegible] under [illegible] will [illegible] [illegible] a copy of the BP-338 custody & security level point sheet. Petitioner has requested a copy [illegible] [illegible] [illegible] the staff have [illegible] petitioner [illegible] [illegible] [illegible].

Moreover Petitioner has a [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]. And petitioner will [illegible] [illegible] the court if it so [illegible] it necessary.

In conclusion, In accordance with petitioner['s] [illegible] requested "relief" in his original 2241 Petition of Oct. 19, 2004 or [illegible], with all exhibits and evidence [illegible] [illegible], petitioner [illegible] and [illegible] [illegible] [illegible] [illegible] that the court will agree with petitioner [illegible] [illegible] — [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] security and [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].

The petitioner apologizes to the court for the length of prepared memorandum and materials used to prepare such documentation.

But due to petitioner current limited restrictions and the staff here at F.M.C. Devens deceit, it will be considered a blessing if this memorandum reaches the court — for the staff here at F.M.C. Devens has tampered with petitioner legal mail on various occasions." See exhibit - E.

Respectfully submitted the 20th day of Dec., 2004.

[illegible]

[illegible]

Proof of Service

I, Forrest Gilliam, certify that on Dec. 26, 2004 I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses below:

| | |
|---|---|
| Warden David L. Winn | U.S. District Court / Clerk's Office |
| F.M.C. Ft. Devens | 1 Courthouse Way, Suite 2300 |
| Ayer, Ma. 01432 | Boston, Massachusetts 02210 |

Proof of Service For Incarcerated Litigant

In addition to the above Proof of Service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to prison officials on this date [illegible] to the United States District Court for the District of Boston, Massachusetts. I declare under penalty of perjury that the foregoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this 26th day of [illegible], 2004.

Forrest Gilliam [illegible]
[illegible]
[illegible]
[illegible]

[illegible]