UNITED STATES DISTRICT COURT
DISIRCT OF MASSACHUSETTS

FOREST GILLIAM                    )
          Petitioner,            )
                       )
      v.                          )            C.A. No. 04-40217-RGS
                       )
DAVID WINN,                       )
          Respondent               )

MEMORANDUM AND ORDER

For the reasons stated below, Petitioner's Application to Proceed Without Prepayment of Fees

is Allowed, and the petition pursuant to 28 U.S.C. §2241 shall be served on the Respondent and a

response shall be filed which includes the Respondent's position on the following issues: 1) whether

Petitioner's request for transfer to another prison facility may be raised as a §2241 petition or a <u>Bivens</u>

action; and 2) whether the Petitioner has exhausted administrative remedies.

BACKGROUND

On October 20, 2004, Petitioner Forest Gilliam, an inmate at Federal Medical Center Devens

("FMC Devens"), filed a petition for writ of habeas corpus under 28 U.S.C. §2241, claiming a fear for

his safety, and seeking transfer from FMC Devens to another facility.  He also seeks to have

disciplinary sanctions imposed by the prison repealed and expunged from his record.

   Subsequently, on October 29, 2004, Petitioner filed a motion for Leave to Proceed *in forma*

*pauperis.*  On October 26, 2004, Gilliam moved to amend his petition to allege that the unit manager is

directing prison staff to deprive him access to legal assistance. (Plaintiff's Memorandum at 1-2). This

Court denied the motion on December 1, 2004 on the grounds that his unit manager is not a proper

party in a §2241 petition. However, this Court deemed the motions as a supplement to the original

petition.

   In addition to his request for transfer, Gilliam seeks an order directing compliance with his plea

agreement regarding his prison designation.

   In support of his request for transfer to another prison facility, Gilliam claims that because of his

cooperation with the government in testifying against co-defendants, he is in physical danger at FMC

Devens. (Complaint, ¶4). While FMC Devens would allow Gilliam in the general population, Gilliam

has chosen of his own accord to remain in protective custody. As a result, Gilliam claims he is

prevented from working at the prison and receiving other benefits of the general population. He asserts

that "relatives, friends, associates, and acquaintances of his co-defendants reside at FMC Devens," and

that the warden refuses a security transfer because Gilliam only knows the nicknames of co-defendants

and therefore can not supply enough information. (Complaint, ¶3). The warden stated that Gilliam

failed to provide sufficiently detailed information for granting his request. (letter dated 8-20-04

attached to petition).

   Petitioner also requested that the Northeast Regional Office issue a transfer. However, he was

informed that his complaints were not "sensitive enough to warrant a transfer, and that Petitioner

needed to file an administrative BP-9 to the Warden here at Devens before moving on to the regional

level." (Letter August 17, 2004). Petitioner filed with the warden and was denied. He then filed with

2

the Regional office and is awaiting a response.

DISCUSSION

I.    Petitioner's motion for leave to proceed in forma pauperis is allowed.

In his Application to Proceed Without Prepayment of Fees, Petitioner Gilliam has indicated that he is not employed, has no cash or savings, and no assets. His certified prison account statement reflects a balance of $3.90 as of the time of filing. Accordingly, Petitioner has demonstrated that he lacks sufficient funds to pay the $5.00 filing fee for habeas corpus actions, and his motion for Leave to Proceed *in forma pauperis* is Alllowed.

II.    Gilliam's petition is subject to screening

Gilliam's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 may be screened and summarily dismissed under the rules applicable to habeas petitions. See Rule 4 of the Rules Governing Section 2254 Cases (applicable at discretion of Court to other petitions, see Rule 1(b)); McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); 28 U.S.C. §2243 (habeas petition may be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law); Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)(same). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to examine a petition, and if it "plainly appears from the face of the motion...that the petitioner is not entitled to relief in the district court," the court "shall make an order for its summary dismissal." Rule 4.

III.    Section 2241 relief for transfer to another facility.

3

A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence's execution. <u>Gonzalez v. United States</u>, 150 F. Supp. 2d 236, 240 (D. Mass. 2001); <u>accord</u>, <u>United States v. Barrett</u>, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), <u>cert denied</u>, 528 U.S. 1176 (2000) (§2241 challenges execution of sentence); <u>Thompson v. United States</u>, 536 F.2d 459, 460 (1st Cir. 1976)(same); <u>Calvache v. Benov</u>, 183 F. Supp. 2d 124, 126 (D. Mass. 2001).

Courts have differed as to whether requests by prisoners for transfer to another facility due to safety concerns should be raised as a habeas petition or a civil rights action.  Some courts have held that a prisoner's demand for transfer is <u>not</u> an appropriate form of relief under §2241 because it does not challenge the fact or duration of confinement, but rather the "conditions" of confinement, and as such, is more properly raised in the civil rights context.

The Tenth Circuit affirmed the decision of the District Court that a prisoner's request to transfer to another facility is not appropriately raised through a habeas petition under §2241, but rather, should be raised in a civil rights action.  <u>Wiley v. R.E. Holt</u>, 42 Fed. Appx. 399, 400, 2002 WL 1500654, *1 (10th Cir.  2002)[1].  In <u>Wiley</u>, the petitioner prisoner feared for his safety and claimed that the prison staff's failure to transfer him equaled "deliberate indifference to his safety," in violation of the Eighth Amendment.  <u>Id</u>.  The Court reasoned that "[a] habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action attacks the conditions of the prisoner's confinement."  <u>Id</u>.

---

[1]The <u>Wiley</u> opinion is not used for precedential purposes.

4

citing <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997).  Therefore, the Tenth Circuit dismissed the habeas petition under §2241.  <u>Id</u>.

The District Court of Oregon also found that a prisoner's request to transfer is not appropriate under a §2241 challenge, but is rather a <u>Bivens</u>[2] claim.  <u>Savocchio v. Crabtree</u>, 1999 WL 562692, 1 (D. Or.).  In <u>Savocchio,</u> the petitioner requested a transfer to another institution where he felt he would be safe.  <u>Id</u>. at *1.   Later, petitioner amended his §2241 petition to include allegations that the prison staff violated his Eighth Amendment guarantee against cruel and unusual punishment by failing to ensure his safety, and requested that the Court order the facility to keep him in protective custody.  <u>Id</u>.   The Court found that the Eighth Amendment claim requesting placement in protective custody was not properly the subject of a §2241 petition but could be brought as a <u>Bivens</u> action against federal officials.  <u>Id</u>.

Other Courts agree that a prisoner's request to transfer is not appropriate under §2241.  <u>See</u> <u>Warren v. Rison</u>, 921 F.2d 282, 1990 WL 212678 (9th Cir. 1990)(unpublished opinion) (construing prisoner's claim refusing transfer as a due process <u>Bivens</u> action rather than habeas petition);  <u>Jones v. Pierce</u>, 1990 WL 133539 (D. Kan. 1990) (construing prisoner's habeas petition to enjoin a transfer grounded in an Eighth Amendment cruel and unusual punishment claim, as a civil rights action under 28 U.S.C. §1331).  <u>See also</u>, <u>Abreu v. Ayers</u>, 1998 WL 5544968 (N.D. Cal. 1998) (prisoner seeking transfer from one state prison to another for safety reasons, raised Eighth Amendment claims in context

---

[2]<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

of §1983 civil action).   In <u>Jones</u>, the Court converted the §2241 petition into a civil rights action, and

dismissed on the merits, finding that:

> As a federal prisoner, plaintiff is subject to transfer from one
> correctional facility to another in the discretion of the Attorney General.
> <u>Meachum v. Fano</u>, 427 U.S. 215 (1976); <u>Robinson v. Benson</u>, 570
> F.2d 920 (10th Cir.1978), <u>overruled on other grounds</u>, <u>Baldwin v.
> Benson</u>, 584 F.2d 953 (10th Cir.1978). If plaintiff believes his safety is
> jeopardized by placement in a particular facility, he may, of course,
> request protective custody status. <u>See</u> 28 C.F.R. §541.23.  However,
> plaintiff has no right to substitute his judgment regarding his place of
> confinement for that of prison authorities.

<u>Jones</u>, 1990 WL 133539, at *1[3].

In contrast to the above decisions, the Second Circuit found that such relief is permissible under

a habeas corpus petition. In <u>Boudin v. Thomas</u>**,** 732 F.2d 1107, 1110 (2nd Cir. 1984) <u>rehearing

denied</u>,  <u>Boudin v. Thomas</u>, 737 F.2d 261 (2nd Cir. 1984), the Second Circuit was primarily faced with

the issue of awarding attorney fees, and so reviewed the appropriateness of the underlying charge, and

---

[3]Without deciding the merits of any <u>Bivens</u>/civil rights claim Gilliam might bring, it is noted that courts have held that absent a statutory or constitutional right to be in a facility, a prisoner has no right to compel prison officials to effectuate a transfer to another facility, and there is no liberty interest or due process right to a prison transfer. <u>See</u>, <u>e.g.</u>, <u>Burr v. Duckworth</u>, 547 F. Supp. 192 (N.D. Ind. 1982), <u>affirmed</u> 746 F.2d 1482 (7th Cir. 1984); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986); <u>Maxton v. Johnson</u>, 488 F. Supp. 1030 (D.S.C. 1980).  However, whether Gilliam can sufficiently demonstrate deliberate indifference to his  safety and well-being, under an Eighth Amendment claim, as set forth in the seminal case of <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) remains to be seen. <u>See</u>, <u>e.g.</u>,  <u>Dodson v. Reno</u>, 958 F. Supp. 49 (D. Puerto Rico 1997) (prisoner asserting <u>Bivens</u> action not entitled to injunction to prevent officials from transferring him to segregated part of prison facility); <u>See</u> <u>also</u>; <u>Ladetto v. Commissioner of Correction</u>, 385 N.E. 2d 273 (Mass. App. 1979) (prisoner had no right to transfer to another facility offering drug treatment program); <u>cf</u> <u>McDonald v. Hall</u>, 610 F.2d 16 (1st Cir. 1979)(prisoner had standing to challenge retaliatory transfer in §1983 action).

the requested relief. Id. at 1110-12. There, the prisoner was subject to "administrative detention" for fear of escape. Id. at 1109-1110. During that detention the prisoner was kept solely in her cell and denied contact visits with her infant child. Id. These deprivations allowed her habeas corpus relief. The Court decided that because the prisoner "sought to be physically moved in order to remedy past constitutional violations" her claim was, in substance, a petition for a writ of habeas corpus." Id. at 1111-12 (emphasis added). Further, the Court decided that since the prisoner sought transfer into general population to remedy past constitutional violations a habeas corpus petition was appropriate. Id.

In the context of comparing motions to vacate a sentence under 28 U.S.C. §2255 and habeas petitions under §2241, this District has stated that challenges to the manner, location, or execution of a sentence may be brought via a §2241 petition. Gonzalez, 150 F. Supp. 2d at 240. (emphasis added). Thus, this leaves the question open whether a challenge to "location" can be raised through a §2241 petition as Gilliam, especially since he seeks declaratory and injunctive, but not monetary relief.

Accordingly, based on the above, the Respondent is directed to file a response to Gilliam's petition and include the Respondent's position on the issue whether or not this §2241 petition should be dismissed since his claims amount to a Bivens or §1983 claim.

This Court declines to construe this action as a Bivens claim at this time. If Gilliam seeks to raise these issues in the civil rights context, he is advised that (in contrast to the $5.00 fee for habeas petitions) he must either pay the $150 filing fee for civil actions ($250 for case filed on or after February 7, 2005), or he must file a completed Application to Proceed Without Prepayment of Fees,

accompanied by a certified copy of his prison account statement for the six months preceding the filing. Additionally, he is advised that prisoners are not entitled to a complete waiver of the filing fee, and that the Court will assess initial and partial installment payments of the filing fee pursuant to 28 U.S.C. §1915(b)[4].

IV.     Petitioner failed to exhaust administrative remedies.

In addition to his request for transfer, Gilliam requests that this Court order FMC Devens remove disciplinary sanctions imposed on him for refusal to enter general population, and to expunge his record.  Although Gilliam has indicated he attempted to resolve his grievances through the prison channels, he has not demonstrated that he has exhausted all administrative remedies with respect to his various claims, including those for transfer and those regarding retaliatory sanctions.

A petitioner must exhaust administrative remedies before bringing a habeas corpus petition. See Rose v. Lundy, 102 S. Ct. 1198 (1982); Rogers v. United States, 180 F.3d. 349, 357-358 (1st Cir. 1999).   The exhaustion requirement is not a statutory prerequisite under §2241, but is a judicially

---

[4]Petitioner is no stranger to the courts and is likely familiar with the *in forma pauperis* requirements.  In addition to this action, Gilliam has filed other actions as follows:

1.  1997cv01397 filed  05/19/1997; closed 06/24/1997 (§2254 (state))
2.  4:2003cv01208 filed 06/16/2003; closed 09/25/2003 (§2255)
3.  3:2003cv01423 filed 08/19/2003; closed 12/30/2004 (§2241 challenging sentence)
4.  1:2004cv00180 filed 06/25/2004; closed 08/27/2004 (§1983 civil rights)
5.  3:2004cv00856 filed 04/21/2004; closed 06/02/2004 (28 U.S.C. §1331: Other Civil Rights)
6.  3:2004cv01937 filed 08/31/2004 (§1983 civil rights) (pending).

created requirement, and can constitute an affirmative defense.  See Rogers, 180 F.3d. at 357.

Exceptions apply where "the administrative remedies are either unavailable or wholly inappropriate to

the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course

of action."  Fuller v. Rich, 11 F.3d. 61, 62 (5th Cir. 1994).  Here, Gilliam fails to show a final

administrative decision, and does not claim any exceptions are applicable.  Therefore, this Court will

not entertain Gilliam's petition for habeas corpus relief from sanctions, or his request to expunge his

disciplinary record.  Moreover, such claims may be brought in the civil rights context, but not in a

habeas petition.

　　　　With respect to his claims for transfer, he has indicated that he has attempted to pursue

administrative remedies, but fails to provide information on any final administrative decision.

Accordingly, the respondent shall, as part of his response, address the issue whether Gilliam has

exhausted administrative remedies with respect to the transfer issues.

### V.  Petitioner cannot assert denial of access to legal assistance under §2241

　　　　Petitioner claims that although Warden Winn has directed unit staff to provide him with legal

assistance, his unit manager consistently refers him to "education" instead of providing the necessary

assistance, and that the unit manager ordered his case managers "not to assist him, so petitioner is left

without any staff assistance and/or legal assistance." (Plaintiff's Memorandum at 1-2).  As this Court

noted in its denial of Petitioner's motion to amend the petition to include the unit manager as a

defendant, Gilliam's allegations that unit staff are preventing access to legal assistance are not properly

before the court in a §2241 petition.  Since this claim regarding denial of legal assistance relates solely

to the "conditions" of confinement and not the legality of confinement, the claim is not within the purview of §2241. Rather, this claim may be raised in a civil rights action.

This is consistent with interpretations by other federal courts. See Peppard v. Story, (831 F.2d 296 1987 WL 38761 (6th Cir. 1987) (a prisoner's allegations of inadequate law library is "construed as a Bivens-type action."); Janis v. Rardin, 165 F.3d 916, 1998 WL 814391 (9th Cir. 1998) (because the prisoner's claim of denial of access to the law library "concern the conditions of his confinement, they are not cognizable on habeas review"); Thompson v. True, 156 F.3d 1244, 1998 WL 536383 (10th Cir. 1998) ("Claims relating to conditions of confinement are appropriately brought under Bivens or the civil rights statutes"); Manis v. Oklahoma, 43 Fed.Appx. 336, 2002 WL 1767537 (10th Cir. 2002) (affirming District Court's decision that petitioner's allegations of denial to legal access "should have presented his claims through either 28 U.S.C. §2254 or 42 U.S.C. §1983, rather than 28 U.S.C. §2241.").

Furthermore, even if petitioner had persued such claims under a §1983 or Bivens action, they lack sufficient factual basis to conclude that Gilliam suffered any "actual injury" by the actions of prison staff. See Lewis v. Casey, 513 U.S. 343 (1996). To establish a violation of "right to access," the prisoner must show "actual injury," by demonstrating that the alleged shortcomings of assistance hindered his efforts in pursuing a direct or collateral attack regarding the conditions of his confinement. Id. at 354-355. Gilliam has displayed no such injury.

Accordingly, Gilliam's claims regarding legal assistance shall not be further considered in this case, and he is again advised that if he wishes to raise the claim, he must file a separate civil action, and

either pay the $150.00 filing fee ($250.00 on or after February 7, 2005), or seek a waiver thereof.

      VI.    <u>This Court lacks jurisdiction to review the imposition of Petitioner's sentence</u>

Petitioner claims that there existed a verbal agreement which was reflected in the sentencing transcript in which Assistant United States Attorney Edward Feran agreed to call the Northeast Regional Office to suggest specific facilities where Gilliam should serve his term. (Complaint at 4-5). Gilliam claims that Feran has failed to honor the agreement and seeks to have that agreement enforced. <u>Id</u>.

In <u>Bemis v. United States</u>, 30 F.3rd 220, 221 (1st Cir. 1994), the First Circuit found that a prisoner seeking to challenge the government's failure to fulfill an alleged promise in a plea agreement to secure a place in the Witness Protection Program, could raise the issue in the habeas context, as a due process violation. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." <u>Id</u>. quoting <u>Santobello v. New York</u> 404 U.S. 257, 262 (1971). Such claims have been raised in the §2255 context, as a motion to vacate, set aside, or correct sentence. <u>See</u>, <u>e.g.</u>,<u>United States v. Ramos</u>, 810 F.3d 308 (1st Cir. 1987)(motion to set aside plea must be made post-sentencing via §2255); <u>Kingsley v. United States</u>, 968 F.2d 109, 111 (1st Cir.1992) (action under § 2255 alleging breach of plea agreement). Underlying this is that factual considerations of the plea colloquy and sentencing hearing may be implicated, and thus this type of claim is deemed to be in the nature of a collateral challenge to the underlying conviction or sentence, and is therefore more properly raised in the Court that imposed the sentence. A motion to vacate, set aside, or correct a sentence under §2255

provides the primary means of a collateral attack on a federal sentence.  See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976)(§2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)(motion under §2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").  Since, Gilliam was sentenced in the Northern District of Ohio he must bring an action under 28 U.S.C. §2255 in that Court to address this claim.

However, because Gilliam previously filed a §2255 motion in the U.S. District Court for the Northern District of Ohio, that appears to have been denied on the merits, any §2255 motion filed by him would constitute a "second or successive" petition.  See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000). Before a party can file a "second or successive" §2255 motion, the motion must be authorized by the appropriate Court of Appeals.  The requirement that a motion to file a second or successive petition be filed in the Court of Appeals is an allocation of subject matter jurisdiction to that court.  See United States v. Barrett, 178 F.3d at 41; See also, Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)(district court may not consider a second or successive habeas application absent proper authorization from the Court of Appeals).

Therefore, Gilliam must first seek permission from the Sixth Circuit Court of Appeals, to file such a motion..

VII.. <u>Petitioner has failed to show that the remedy under §2255 is</u>
<u>inadequate or ineffective so as to invoke §2241 relief</u>.

Notwithstanding the foregoing discussion finding Gilliam's challenge regarding the plea

agreement to be more properly asserted as a §2255 motion, habeas relief under §2241 "may be

appropriate when the remedy provided under section 2255 is inadequate or ineffective." <u>Garland v.</u>

<u>United States of America</u>, 2004 WL 1593438, at *1-2 (N.D. Tex. 2004), <u>citing</u> <u>Jeffers v. Chandler</u>,

253 F.3d 827, 830-831 (5th Cir. 2000), <u>cert. denied</u>, 534 U.S. 1001 (2001).  A §2241 petition "may

be entertained when the so-called "savings clause" in §2255 is satisfied by the petitioner.  <u>Jeffers</u>, 253

F.3d at 830.  That clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the
> applicant has failed to apply for relief, by motion, to the court which sentenced him, or
> that such court has denied him relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of detention.

<u>Jeffers</u>, 253 F.3d at 830 <u>quoting</u> <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

Here, Gilliam cannot establish that the remedy is inadequate or ineffective.  The fact that

petitioner may be precluded from raising this challenge in a second or successive section §2255 motion

does not make that remedy "inadequate or ineffective." <u>See, e.g.,</u> <u>Garland</u>, 2004 WL 1593438 at *1

(petitioner precluded from bringing <u>Blakely</u> challenge to conviction under 28 U.S.C. §2241,

notwithstanding fact petitioner may be precluded from raising this claim in a second or successive

§2255 motion), <u>citing</u> <u>Jeffers</u>, 253 F.3d at 830 ('a prior unsuccessful §2255 motion, or the inability to

meet the AEDPA's second or successive requirement does not make §2255 inadequate or

13

ineffective.').  Moreover, the petitioner cannot merely substitute a §2255 motion for a §2241 petition, and the burden of proof with respect to inadequacy or ineffectiveness of a §2255 motion rests with the petitioner.  <u>Jeffers</u>, 253 F.3d at 830.

Accordingly, this Court declines to consider Gilliam's claim of breach of the plea agreement as part of this habeas petition.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED

1.    Petitioner's motion to proceed in forma *pauperis* is Allowed;

2.    By separate order, the Respondent shall be directed to file a response to the Petition addressing the issues presented in this Memorandum and Order;

3.    If petitioner wishes to file a civil rights complaint under 42 U.S.C. 1983, he shall file a separate complaint, accompanied by the filing fee or an Application to Proceed Without Prepayment of Fees, along with a certified copy of his prison account balance for the past six months prior to filing the complaint.

4.    Petitioner's claims with respect to expungement of disciplinary sanctions, denial of legal assistance, and breach of plea agreement, are dismissed as part of this habeas petition.

So Ordered.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

Dated:  February 7, 2005