IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOREST GILLIAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) CASE NO.: 04-40217-RGS |
| v. | ) |
| | ) |
| DAVID WINN, | ) |
| | ) |
| Respondent. | ) |

**DEFENDANT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

The respondent, David L. Winn, as he is Warden of the Federal Medical Center, Devens (FMC Devens), files this response to the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition), and requests that this Court dismiss the Petition on grounds of mootness, since petitioner already has been transferred to another facility.

**STATEMENT OF FACTS**

Petitioner Forest Gilliam, Register Number 37541-060, is a federal inmate who, until recently, was incarcerated at FMC Devens, Massachusetts. On October 20, 2004, petitioner filed a Petition for a Writ of Habeas Corpus seeking, *inter alia*, transfer to another correctional facility. In January, 2005, petitioner was transferred from FMC Devens and, according to his Public Information Inmate Data sheet, is currently designated to the Federal Correctional Institution Schuylkill in Pennsylvania. See *Declaration of Ann H. Zgrodnik*, attached hereto. On February 7, 2005, upon screening the petition pursuant to 28 U.S.C. § 2241 and Rule 4 of the Rules Governing Section 2254 Cases, this Court issued a Memorandum and Order dismissing some of petitioner's claims, and directing respondent to file a response addressing whether petitioner had exhausted his administrative remedies and whether a request for transfer could be

raised in a §2241 petition or should be dismissed because in essence a <u>Bivens</u> claim.[1]

**ARGUMENT**

**In Light of Petitioner's Transfer, the Petition is Moot.**

Since filing his Petition, petitioner has been transferred from FMC Devens. *Zgrodnik Declaration*. Because a transfer to another facility was the only relief sought by the Petition,[2] the Petition is moot and should be dismissed for lack of jurisdiction. Federal courts lack constitutional power to decide "questions that cannot affect the rights of litigants in the case before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971). The lack of power "to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." <u>Liner v. Jafco, Inc.</u>, 375 U.S. 301, 306 n.3 (1964).

Mootness problems may arise at any point in a proceeding. <u>United States v. Reid</u>, 369 F.3d 619, 624 (1st Cir. 2004). That is, a justiciable controversy that existed at one time, but no longer remains, becomes moot. <u>Id.</u> <u>See</u> <u>Advanced Mgmt. Tech., Inc. v. FAA</u>, 211 F.3d 633, 636 (D.C. Cir. 2000). As the First Circuit has observed, when an event occurs while a case is pending that makes it impossible for the reviewing court to grant effectual relief, the case must be dismissed. <u>Gulf of Maine Fisherman's Alliance v. Daley</u>, 292 F.3d 84, 88 (1st Cir. 2002), <u>citing</u> <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12 (1992). Because Petitioner here

---

[1] The latter question raises the issue whether a personal capacity, <u>Bivens</u> lawsuit is an appropriate vehicle for obtaining relief from the government, an issue which has significant implications for a variety of claims for which federal officials are not normally sued in their personal capacities. Those issues need not be reached in this case, however, since petitioner's sole remaining claim for relief is moot.

[2] Claims for other relief were dismissed by the Court in its February 7, 2005, Memorandum and Order.

has already been transferred from FMC Devens, the Court cannot grant effectual relief. The Petition should be dismissed.

                Respectfully submitted,

                By his attorney,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ Barbara Healy Smith
By:  Barbara Healy Smith
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3263

Dated: 1 March 2005

| CERTIFICATE OF SERVICE | CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2) |
|---|---|
| I certify that on 1 March 2005, I caused a copy of the foregoing to be served upon petitioner at:<br>    Forest Gilliam, Reg. No. 37541-060<br>    FCI Schuylkill<br>    P.O. Box 759<br>    Minersville, Pennsylvania 17954<br><br> /s/ Barbara Healy Smith<br>Barbara Healy Smith<br>Assistant U.S. Attorney | The undersigned counsel requests a waiver of Local Rule 7.1(a)(2) since the *pro se* petitioner is incarcerated.<br><br> /s/ Barbara Healy Smith<br>Barbara Healy Smith<br>Assistant U.S. Attorney |