In The District Court
For The District of Massachusetts

Forest Gilliam,
Petitioner,

vs.

Warden, David L. Winn,
Respondent.

Case No: 04-40217-RGS

FILED
IN CLERKS OFFICE
2005 MAR 10  P 1:17
U.S. DISTRICT COURT
DISTRICT OF MASS.

Petitioners Motion in Opposition to Respondents Petition For Dismissal of Petitioners 28 U.S.C. § 2241 (Petition)

Comes now, Petitioner (Forest Gilliam) pro se, in opposition to respondents petition for dismissal of petitioners 28 U.S.C. § 2241 (Petition) for reason(s) as follows:

## Statement of Facts

Petitioner Forest Gilliam, was transferred from F.C.I. Allenwood on July 20, 2004 to F.M.C. Ft. Devens. Petitioner arrived at F.M.C. Ft. Devens on July 27, 2004, and immediately refused being housed in

(1)

general population in accordance with "Policy Statement 5270.07 ; 541.23 (6)(7)".

Because petitioner would not accept being housed in general population at Ft. Devens "the respondent" Warden David L. Winn through his staff of Unit mgr. Janis Johnson, Case mgr. Mr. Tiejien, Counselor Mr. Borilla, Case mgr. Mrs. Kelly, and D.H.O. Mr. Bracey conspired to tarnish and elevate petitioners (model inmate file) and security level. All the while ignoring all federal B.O.P. policy statements and 28 C.F.R. statements.

On or about October 20, 2004 petitioner was forced to file a Petition for a Writ of Habeas Corpus seeking an institutional transfer and to have all disciplinary sanctions & incident reports dismissed and/or removed from petitioners "model inmate" pro [file]. As petitioners inmate file was that of a model inmate prior to him being transferred to F.M.C. - Ft. Devens on July 20, 2004.

Wherefore, Petitioner presently resides at "another" medium security institution when he should be residing at a low security institution and/or a camp in accordance with his security level of

(2)

(+6) pts. via petitioners "level and custody summary" of July 2004 prior to petitioner being sent to F.M.C. Ft. Devens.

## Argument I

On February 7, 2005 this Court issued a Memorandum and Order dismissing some of petitioners claims, and directing respondent to file a response addressing whether petitioner had exhausted his administrative remedies and whether a request for transfer could be raised in a § 2241 Petition or "should" be dismissed because in essence a _Bivens_ claim.

To date (March 3, 2005) petitioner has never received a copy of the Courts Order/Memorandum of Feb. 7, 2005. And because of the respondent (Warden David L. Winn) and his staffs vindictiveness, retaliatory like tactics, and abuse of authority bestowed upon petitioner from July 27, 2004 - Jan. 20, 2005, "if" the Court sent petitioner a copy of its order to Ft. Devens he never received it nor did Ft. Devens forward petitioners copy [mail] to him at F.C.I. Schuylkill

On or about August 3, 2004 petitioner started his

(3)

administrative remedy process concerning his refusal of general population while at F.M.C. Ft. Devens. During petitioners administrative remedy process the respondent Warden David L. Winn via his assigned unit staff (unit 4-B), deliberately impeded upon and obstructed petitioners administrative remedy process, which is a violation of petitioners Sixth Amendment right denying him due access to the court(s).

And a process that takes 3-4 months to complete is now entering its 7th 8th month because of the vindictiveness of the respondent and his staff assigned to petitioner.

### Argument II

In respondents reply to petitioners $2241 dated March 1, 2005 he asked the court to dismiss petitioners petition because he has been transferred, and because a transfer to another facility is/was the "only" relief sought by the Petition[er] in his $2241 petition.

The petitioner argues that the respondent continues to attempt to deceive this court and continues to attempt to pull the wool over this courts eyes with blatant lies and deceptions.

Petitioner not only seeked the relief of an institutional

transfer when he filed his §2241 petition on or about Oct. 28, 2004, but in accordance to the policy statements used in petitioners administrative remedy process and in petitioners §2241 [relief], petitioner also seeks to have "all" disciplinary sanctions and incident reports stemming from respondents vindictiveness and retaliatory like tactics removed and/or dismissed from his inmate data prc[file]. And to have petitioners security custody level of (+6) points be returned to its origin of low security as in accordance with petitioners original security level prior to him arriving at Ft. Devens on or about July 27, 2004. See relief in petitioners §2241 petition of Oct. 2004.

### Argument III

Petitioner respectfully requests this Honorable Court to see through respondents unprofessional like tactics and award petitioner his "second half" of his requested relief with an "Order" to return petitioners security custody level of (+6) points to its origin of low security, so that petitioner may be transferred to "another" low security facility as was the intention of the staff at F.C.I. Allenwood in May-July 2004 when they "screened and granted petitioner his

lower security custody level transfer that led petitioner to be designated to F.M.C. Ft. Devens in July 2004. Petitioner also respectfully requests to have his model inmate profile returned to its origin of model inmate status with having (Ordering) that all disciplinary sanctions and incident reports from respondent via his staff at Ft. Devens, to be removed/dismissed from petitioners inmate data file/sheet. (As petitioner has/had no such inmate profile prior to his arrival at Ft. Devens.

Petitioner further argues that by now (March 3, 2005) his administrative remedy process should have been finalized and is finished.

On Dec. 20-21st, or thereof (2004) — petitioner filed [mailed] out his BP-11 with his BP-9 & response and his BP-10 & response to Central Office via respondents staff member at Ft. Devens (Case mgr. Mrs. Kelly/unit 4 B). On or about Jan. 2005 petitioners response to his BP-11 was due, but on Jan. 20, 2005 petitioner (inmate Forest Gilliam #37541-060) was transferred to F.C.I. Schuylkill in Minersville, Pa., and therefore petitioner never received his response to his BP-11.

On or about mid-Feb. 2005 petitioner contacted Mr. Holder/CMC at F.C.I. Schuylkill concerning his response to his BP-11.

(6)

Mr. Helder/CMC immediately contacted Central Office "with petitioner present", and was informed that petitioners BP-11 "response" was forwarded to petitioner on or about Jan. 2005 at F.M.C. Ft. Devens.

Mr. Helder then called Ft. Devens and was connected with the respondent Warden David L. Winn's (secretary), who informed Mr. Helder/CMC that petitioners assigned unit team of unit 4-B did infact have petitioners response to his BP-11, and that she (the respondents secretary) assured Mr. Helder that petitioners BP-11 response would be forwarded to him at F.C.I. Schuylkill immediately.

To date (March 3, 2005) some several weeks later, the petitioner has yet to receive his response to his BP-11 as promised to Mr. Helder/CMC by respondents secretary on or about Feb. 2005.

Which further shows the vindictiveness and the unprofessionalism of the respondent and his administrative staff towards petitioner and his administrative remedy process.

Mr. Helder/CMC assured petitioner that he would attempt to contact the respondent/Warden "once again" the week of March 7, 2005 to attempt to obtain petitioners BP-11 response and/or administrative remedy process conclusion, so that petitioner can finalize his remedy process by mailing to this court his admin. remedy process conclusion.

(7)

## Argument IV

It appears that this court is attempting to misconstrue petitioners § 2241 Petition with that of a <u>Bivens</u> claim, in its Order/Memorandum of Feb. 7, 2005. When this court directed the respondent to file a response addressing petitioners § 2241 petition and/or raising a "question" of, should petitioners petition be dismissed in essence of a <u>Bivens</u> claim.

Petitioner argues that a <u>Bivens</u> claim and a 28 U.S.C. § 2241 (Petition) are two (2) different vehicles seeking two (2) totally different reliefs. Furthermore, In addition to petitioners original § 2241 petition of Oct. 20, 2004 — petitioner attempted to show this court of the deceitful ways and means of the respondents running of F.M.C. Ft. Devens, via the respondents administrative staff & correctional officers. And if the court misconstrued petitioners amendment(s) with that of a <u>Bivens</u> claims then the petitioner truly apologizes to this court.
All petitioner attempted to do is paint a picture for the court of the respondents neglect, disrespect, vindictiveness, harassment, retaliation, and daily abuse of authority directed at petitioner, as well as toward the other inmates housed in the Segregated Housing Unit/S.H.U.-(the hole) at F.M.C.-Ft. Devens from

July 27, 2004 - Jan. 20, 2005 during petitioners stay at F.M.C. Ft. Devens.

On page 2 of respondents response to petitioners § 2241 dated March 1, 2005, the respondent clearly asks/requests that petitioners motion be dismissed simply because it would be impossible for the reviewing court to grant effective relief.

When infact, if the court reviewed petitioners petition closely it will see and agree with petitioner that he only received apart (half) of his requested relief. And therefore respectfully requests that this court order that petitioners full relief be issued/granted to him forthwith.

Therefore, the court does not lack jurisdiction as the respondent would like to attempt to deceive this court as such. And petitioners Sixth Amendment rights are/were continuously being violated when the respondent via his administrative staff impeded upon and obstructed petitioners administrative remedy process that to date (March 3, 2005) is/has been concluded.

The Central Office responded to petitioners BP-11 on or about Jan. 2005 and returned their conclusion to petitioner at Ft. Devens.

However, On Jan. 20, 2005 petitioner was transferred to F.C.I. Schuylkill and has yet to receive his BP-11 response. Simply because the respondent Warden Winn via his administrative staff is/has continuously been vindictive towards petitioner and his administrative remedy process because of petitioners refusal of general population while at Ft. Devens and because of petitioner contacting political figures to assist him with his issues while at Ft. Devens.
Petitioner contacted Congressman Robert (Bobby) C. Scott of Richmond, Va. who attempted to assist petitioner with his inmate information "release form" of Nov. 19, 2004.

Wherefore, this court should review and grant petitioner his proper relief that he seeks, simply because the respondent via his administrative staff has repeatedly ignored "all" federal B.O.P. policy statements and 28 C.F.R. statements, in order to tarnish and raise petitioners inmate pro[file] and security custody level.
When in accordance to petitioners complaint(s) and his §2241 petition and relief — 42 U.S.C. §1997 d. says, that the respondent and his actions are infact "Retaliation" and should not be tolerated under no such circumstances.

## Conclusion

Petitioner believes that his cause is one of meritorious nature and that he is deserving of full consideration afforded by this Honorable Court.

Petitioner should not be housed at a medium security custody level as he has done nothing disciplinary to warrant a security custody level increase. When prior to his arrival at Ft. Devens in July 2004 petitioner's security custody level was that of (+6) pts. low security custody level.
Petitioner never once entered general population while residing at F.M.C. Ft. Devens, and therefore respectfully requests that his security custody level be returned to its origin of (+6) pts. low security, and that "all" disciplinary sanctions and incident reports bestowed upon petitioner by respondents administrative staff, be removed and/or dismissed from petitioners data inmate profile, As in accordance with the policy statement(s) 5270.07; 541.23 (6)(7) and 5100 used/cited by petitioner, if the respondent/Warden Winn and his admin. staff adhered to the federal B.O.P. policy statements there would be no need for this court to intervene via petitioners §2241 (Petition).

Petitioner also wishes to state to the court that once a pro se litigant has done everything possible to bring

(11)

his action, he should not be penalized by strict rules which might otherwise apply if he were represented by legal counsel. See <u>Ortiz v. Cornetta</u>, 867 F. 2d 146 2d Cir. (1989).

Wherefore, subject to the court's most gracious acceptance of this motion, and full consideration, Petitioner wishes to thank the court in anticipation that his motion will be so Granted.
Accordingly, fairness, integrity of Due Process and justice require this Honorable Court to Grant this request now at bar. Due Process of law is primary and indespensible, <u>Application of Gault</u>, 387 U.S. 1 (1967); also see <u>Hampton v. U.S.</u>, 96 S. Ct. 1644, 1652 (1976),— Due Process means fundamental fairness.

Respectfully submitted this 7th day of March, 2005.

Forest Gilliam #37541-060
Forest Gilliam, pro se
F.C.I. Schuylkill
P.O. Box 759, Unit 4-B
Minersville, Pa.
17954-0759

(12)

Certificate of Service

I, Forest Gilliam hereby certify that I have sent a true and correct copy of this motion, via U.S. Mail, first-class postage pre-paid, to:

Warden David L. Winn
    Respondent,
P.O. Box 880
42 Patton Rd.
Devens, Ma. 01432

Pursuant to 28 U.S.C. § 1746.

Dated and mailed on this 7th day of March, 2005

               Forest Gilliam #37541-060
               Forest Gilliam, pro se
               F.C.I. Schuylkill
               P.O. Box 759
               Minersville, Pa.
               17954-0759