IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOREST GILLIAM,          )
                                     )
              Petitioner,     )
                                     )     CASE NO.: 04-40217-RGS
       v.                      )
                                     )
DAVID WINN,            )
                                     )
              Respondent.    )

**<u>BRIEF IN REPLY TO COURT'S ORDER AND FURTHER ORDER</u>**

Defendant David L. Winn, as he is the Warden, FMC Devens, hereby submits this

Memorandum in response to the Court's Order and Further Order of March 22, 2005, and for the

reasons stated herein, renews its motion to dismiss.

**BACKGROUND**

Petitioner Forest Gilliam filed a petition for writ of habeas corpus on October 20, 2004.

At the time, he was housed at the Federal Medical Center in Devens, Massachusetts (FMC

Devens), and in his petition he sought, *inter alia,* an order form the Court that he be transferred

to another institution "because of security issues and concerning other inmate(s) that are housed

here at Ft. Devens."  On February 7, 2004, the Court issued a Memorandum and Order

dismissing petitioner's claims with respect to correction of his record to expunge disciplinary

sanctions, alleged denial of legal assistance, and alleged breach of a plea agreement.  The Court

directed respondent to address two remaining issues: whether the petitioner's request to be

transferred to another facility for safety reasons could be raised in a § 2241 petition or should be

brought as a <u>Bivens</u> action; and whether petitioner had exhausted his administrative remedies

prior to filing his habeas petition.  As respondent understood the Court's Memorandum and

Order, the latter issue only applied to the request for an order directing that petitioner be

transferred to another facility, since the court dismissed the request for an order directing his record be expunged.

Subsequently, on January 20, 2005, petitioner was transferred to a different facility, F.C.I. Schuylkill, in Pennsylvania. Respondent therefore moved to dismiss the 2241 petition as moot, since it understood the only claim for relief that remained following the Court's February 7 Memorandum and Order was the request for transfer for security reasons. Petitioner responded that his petition was not moot, because he had sought transfer to a low security facility, instead of the "medium security custody level" in which he is currently housed. Petitioner's Motion in Opposition to Respondent's Petition for Dismissal of Petitioner's 28 U.S.C. 2241 ("Petition") at 2-3, 5, 11 ("Opposition").[1] Consequently, the Court issued two subsequent Orders on March 22, directing respondent to file an amendment to its Memorandum "addressing the remaining issues" outlined in the Court's February 7 Memorandum and Order.

**A.      Petitioner Has Not Exhausted His Administrative Remedies.**

Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court. 42 U.S.C. § 1997e(a). In Booth v. Churner, 532 U.S. 731, 741 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues." Id. See Rogers v. U.S., 180 F.3d 349, 356 (1st Cir. 1999). (The Administrative Remedy Procedure for Inmates is set out at 28 C.F.R. §§ 542.10

---

[1]Petitioner also alleged his petition was not moot because he not only sought a transfer, but also sought to have all disciplinary sanctions and incident reports removed from his inmate data profile, a claim the Court has already dismissed in the February 7 Memorandum and Order.

et seq., and provides the steps for review of any complaint which relates to any aspect of the

inmate's confinement.  In order to exhaust all process, an inmate must first attempt to informally

resolve the dispute at the institution level, with the staff.  28 C.F.R. § 542.13.  If that informal

resolution efforts fail, the inmate may then raise his or her complaint to the Warden of the

institution in which he or she is confined, within 20 calendar days of the date that the basis of the

complaint occurred.  28 C.F.R. §§ 542.13, 542.14.  If the Warden denies the administrative

remedy request, the inmate may file an appeal with the Regional Director within 20 calendar

days of the date of the Warden's response.  28 C.F.R. §§ 542.14, 542.15.  If the Regional

Director denies the appeal, the inmate may appeal that decision to the General Counsel of the

Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's

response.  See 28 C.F.R. §§ 542.14 and 542.15.  The administrative remedy process is not

considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons

General Counsel.

Here, the Bureau of Prisons' computerized data base reveals that petitioner has not fully

exhausted his administrative remedies as to his request that he be transferred.  As explained in

the Declaration of Ann H. Zgrodnik, Attorney Advisor for the Federal Bureau of Prisons, at

FMC Devens, petitioner first failed to initiate his request for a transfer with the Warden, at the

institutional level.  Instead, three times, he filed his request with the Regional Director; each

time the request was rejected and he was directed to first address the issue with the Warden.

When petitioner finally filed his request with the Warden, the Warden granted petitioner's

request,  informing petitioner he would be transferred to a facility commensurate with his

security and custody needs.   Upon his appeal of that decision, petitioner was informed that to

3

the extent his transfer had been approved, his appeal was granted.  Petitioner did not timely appeal that response to the General Counsel.

It is well settled that failure to exhaust <u>all</u> stages of the administrative remedy system is a proper basis for dismissal.  <u>United States v. Brann</u>, 990 F.2d 98 (3d Cir. 1993); <u>Gonzalez v. Perrill</u>, 919 F.2d 1 (2d Cir. 1990); <u>Arias v. United States Parole Comm'n</u>, 648 F.2d 196 (3d Cir. 1981); <u>Soyka v. Alldredge</u>, 481 F.2d 303 (3d Cir. 1973); <u>DeVincent v. United States</u>, 587 F. Supp. 494 (E.D. Va. 1984), <u>aff'd</u>, 746 F.2d 1471 (4th Cir.), <u>cert</u>. denied, 470 U.S. 1055 (1985). <u>See also</u> <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996).   Since petitioner has not properly competed the last stage of appeal, he has not exhausted his administrative remedies concerning the transfer, and so the Petition should be dismissed.

**B.    The Petition Here Raises No Constitutional Issue.**

As a federal prisoner, petitioner has no statutory right to be housed in a particular correctional facility; he may be assigned or moved at the discretion of the Attorney General. <u>Meachum v. Fano</u>, 427 U.S. 215 (1976).  The Bureau of Prisons has been vested by Congress with the discretionary authority to choose the facility in which inmates will serve the time of their imprisonment.  <u>See</u> 18 U.S.C. § 3621(b); <u>Thye</u> v. <u>United States</u>, 109 F.3d 127, 130 (2d Cir. 1997) ("Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.").  Courts may not direct the Bureau of Prisons where to house a prisoner, <u>see</u>  <u>United States</u> v. <u>Bakeas</u>, 987 F. Supp. 44, 49 n.7 (D. Mass. 1997) ("Whether a sentencing court can consider the conditions of confinement in imposing sentence, and shape the sentence accordingly, is a different issue from whether it can direct the Bureau of Prisons where to carry out the sentence.

The former involves the proper exercise of judicial discretion, the latter would involve judicial encroachment on executive discretion.").

Nor, as is well established, does a prisoner have a liberty or due process interest in being assigned to a particular institution or program. As the Supreme Court noted in <u>Moody v. Daggett</u>, 429 U.S. 78 (1976), a challenge to the impact of a detainer on prison programming:

> We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In <u>Meachum v. Fano</u>, 417 U.S. 215... (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility of rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

419 U.S. at 88 n.9. <u>See</u> Olim <u>v. Wakinekona</u>, 461 U.S. 238 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215 (1976) (explaining that Due Process Clause does not protect a prisoner against transfer to a more restrictive prison); <u>Ajaj v. Smith</u>, 2004 WL 1663968 (4th Cir. 2004) (unpublished decision) (holding prisoner did not have protected liberty interest in remaining at particular facility); <u>Young v. Quinlan</u>, 960 F.2d 351, 358 n. 16 (3rd Cir. 1992); <u>Pugliese v. Nelson</u>, 617 F.2d 916 (2nd Cir. 1980); <u>Lott v. Arroyo</u>, 785 F.Supp. 508 (E.D. Pa. 1991) (Constitution does not confer on state inmate right to participate in pre-release program).[2]

A request for transfer from one institution or program to another, therefore -- or a petition

---

[2]Nor does petitioner's current challenge to the refusal to lower his security level from "Medium" to "Low" state a constitutional violation, because inmates have no liberty interest in custody classification scoring. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 486 (1995). <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236, 243, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); <u>Newell v. Brown</u>, 981 F.2d 880, 883 (6th Cir.1992); <u>Beard v. Livesay</u>, 798 F.2d 874, 876 (6th Cir.1986).

seeking an injunction <u>against</u> a transfer -- without more, does not implicate Fourth or Fifth

Amendment rights that would support a constitutional action under <u>Bivens v. Six Unknown</u>

<u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

      Under circumstances where a prisoner has sought a transfer on grounds of inadequate

medical care, at least one Judge in this District ruled that such a claim should properly be

brought as an Eighth Amendment or Due Process claim of deliberate indifference to medical

needs. <u>Kamara v. Farquharson</u>, 2 F.Supp.2d 81, 89) (D.Mass. 1998). That reasoning was based

on the settled principle that challenges to the <u>conditions</u> of confinement are properly brought

under 42 U.S.C.§ 1983 or <u>Bivens</u>. As recently reiterated by the Supreme Court, where a prisoner

"seeks injunctive relief challenging the fact of his conviction or the duration of his sentence,"

such a claim "fall[s] within the core" of habeas corpus and thus are not cognizable when brought

pursuant to 42 U.S.C. § 1983. By contrast, constitutional claims challenging the conditions of a

prisoner's confinement, "fall outside of that core and may be brought under § 1983 in the first

instance." <u>Nelson</u> v. <u>Campbell</u>, 541 U.S. 637, ___, 124 S.Ct. 2117, 2119 (2004).

      The question identified by this Court in its February 7 Memorandum and Order is

whether the <u>location</u> of imprisonment is encompassed within the "fact" of confinement or the

"conditions" of confinement. At least in the context of explaining the difference between a

motion under 28 U.S.C. § 2255 and a § 2241 habeas petition, some courts have stated that a

challenge to the legality of a sentence should be brought under 2255, while a 2241 habeas

petition is appropriate for challenging the <u>location</u> of a sentence's execution. <u>See</u> <u>Jiminian v.</u>

<u>Nash</u>, 245 F.3d 144, 146 (2d Cir. (2001) (2241 challenges to execution of a sentence includes

such matters as "the administration of parole, computation of a prisoner's sentence by prison

official, prison disciplinary actions, prison transfers"). See also Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (petitions challenging "manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241); Gonzalez v. United States 150 F.Supp. 2d 236, 240 (D.Mass. 2001); Monahan v. Winn 276 F.Supp. 2d 196, 204 (D.Mass. 2003).

In the context of analyzing jurisdiction over a § 2241 petition, and deciding whether a claim is cognizable under 42 U.S.C. § 1983 or must proceed under habeas, however, several courts have classified location as included within the conditions of confinement that must be challenged through a civil rights or constitutional claim. E.g., Williams v. Federal Bureau of Prisons, 2004 WL 50779 (3rd Cir. 2004); Bunn v. Conley, 309 F.2d 1002, 1007 (7th Cir. 2002); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991); Kamara v. Farquharson, 2 F. Supp.2d 81, 89 (D. Mass. 1998). Cf. Boudin v. Thomas, 732 F.2d 1107, 1111-1112 (2d Cir. 1984). The First Circuit has not squarely addressed the issue, although as this Court noted in its February 7 Memorandum and Order, it has recognized a prisoner's standing to challenge an alleged retaliatory transfer under 42 U.S.C. § 1983.

### Petitioner's Initial Filing

In the instant case, petitioner's initial request implicates neither constitutional issues nor the fact or duration of his confinement. There are no factual allegations in the initial petition that raise issues of constitutional dimension, such as of an Eighth Amendment violation. See Petition at 4, "Ground One" "Two," and "Three" for the Petition, which refer to "altercations concerning his safety" with other inmates at F.C.I. Allenwood, not at Devens. The relief he originally sought was "First and foremost, Petitioner requests and/or begs this Honorable Court to order

Petitioner transferred to another low security inst[itution]." Such a request is more in the nature

of an action seeking a writ of mandamus. Essentially, petitioner wanted an order from this

Court directing the Warden of FMC Devens to move him from one facility to another.[3]

### The Present Context of Petitioner's Request

Now that he has already been transferred to Schuylkill, however, petitioner's "fear for his

safety" from other inmates at FMC Devens is simply no longer an issue. With no issue of

personal safety remaining, petitioner's request is now purely a habeas petition seeking a change

in his custody level, by way of an order that his custody level be returned to what it was prior to

his transfer to FMC Devens.   Opposition at 5. While the result of such an order would be a

transfer to a different (low-security) facility, it is no longer the facility itself about which

petitioner complains. It is well settled that in general, an inmate does not have a liberty interest

in a particular security classification. See Sandin v. Conner, 515 U.S. 472, 486 (1995). Olim v.

Wakinekona, 461 U.S. 238, 245, 103 S.C. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427

U.S. 215, 224-25, 96 S.C. 2532, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236,

243, 96 S.C. 2543, 49 L.Ed.2d 466 (1976); Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.C. 274,

50 L.Ed.2d 236 (1976); Newell v. Brown, 981 F.2d 880, 883 (6th Cir.1992); Beard v. Livesay,

---

[3]As such, the petition would have to have been dismissed.   While the Mandamus and Venue Act of 1962 grants jurisdiction to the district courts over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff, 28 U.S.C. § 1361, a writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act "amounting to a judicial 'usurpation of power.'" Will v. United States, 389 U.S. 90, 95 (1967) (quoting De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217 (1945)); Hahnemann University Hospital v. Edgar, et al., 74 F.3d 456 (1996). There was no failure to perform any "duty" owed to petitioner upon which this Court could base an order of mandamus, since the Attorney General has "complete and absolute discretion with respect to the incarceration, classification and segregation of lawfully convicted prisoners."   Pugliese v. Nelson, 617 F.2d 916, 923-925 (2d Cir. 1980).

798 F.2d 874, 876 (6th Cir.1986).  Since decisional authority establishes that prisoners have no

due process liberty interest in being placed in an institution with a lower level of security, e.g.,

Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997), the petition should be dismissed.

 For the foregoing reasons, and for the reasons set forth in Respondent's Response and

Motion to Dismiss, the Court should dismiss the Petition.

 Respectfully submitted,

 By his attorney,

 MICHAEL J. SULLIVAN
 United States Attorney

Dated:  2 May 2005         /s/ Barbara Healy Smith
            By:  Barbara Healy Smith
 Assistant U.S. Attorney
 John Joseph Moakley U.S. Courthouse
 1 Courthouse Way, Suite 9200
 Boston, MA 02210
 (617) 748-3263

| **CERTIFICATE OF SERVICE** | **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)** |
|---|---|
| I certify that on  May 3, 2005, I caused a copy of the foregoing to be served via regular US Mail, postage prepaid marked "Legal Mail" upon Petitioner at FCI Schuylkill, P.O. Box 759, Minersville, Pennsylvania 17954 | The undersigned counsel requests a waiver of Local Rule 7.1(a)(2) since respondent is incarcerated at FMC Devens. |
|   /s/ Barbara Healy Smith <br> Barbara Healy Smith <br> Assistant U.S. Attorney |  /s/ Barbara Healy Smith <br> Barbara Healy Smith <br> Assistant U.S. Attorney |