UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FOREST GILLIAM, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Civ. Action No. 04-40217-RGS |
| v. | ) | |
| | ) | |
| DAVID WINN, | ) | |
| Respondent. | ) | |
| | ) | |

## DECLARATION OF ANN H. ZGRODNIK

I, Ann H. Zgrodnik, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately February 10, 2002.

2. In order to perform my official duties as an Attorney Advisor, I have access to BOP records and databases regarding federal prisoners including, but not limited to, documentary records, inmate Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3. I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that

decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

5. On April 28, 2005, I ran a SENTRY search to determine if inmate Forest Gilliam, Reg. No. 37541-060, had filed any administrative remedy claims under the Administrative Remedy Program with respect to the transfer issues. Following a search of the indexes of all administrative remedies filed by inmate Gilliam it was determined that he had not attempted to exhaust the highest level of administrative appeal on the transfer issues addressed in the above captioned petition.

6. My SENTRY search revealed that on or about August 12, 2004, Petitioner submitted a Regional Administrative Remedy Appeal to the Northeast Regional Director concerning a request to transfer. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for inmate Gilliam is attached as **Document a**, at page 6.

7. On or about August 17, 2004, Petitioner's request was rejected by the Regional Director for failing to file a BP-9 request through the institution for the Warden's review and response before filing an appeal with the Regional Director. Id. Petitioner was further informed that the issue he raised is not sensitive and that he should file a request at the appropriate level via regular procedures. Id.

8. Records further indicate that on or about September 24, 2004, Petitioner submitted another Request for Administrative Remedy with the Northeast Regional Director requesting a transfer. Id. at page 7. On or about October 6, 2004, Petitioner's request was rejected by the Northeast Regional Director for failing to file a BP-9 request through the institution for the Warden's review and response before filing an appeal with the Regional Director. Id. Petitioner was further informed that the issue he raised is not sensitive and that he should file a request at the appropriate level via regular procedures. Id. In addition, it was explained to Petitioner that he must follow administrative remedy procedures and file at the institutional level first. Id. He was also informed that only one continuation page is permitted. Id.

9. Records also indicate that on or about October 4, 2004, Petitioner submitted a third Request for Administrative Remedy with the Northeast Regional Director requesting a transfer or re-designation. Id. at page 8. On or about October 15, 2004, Petitioner's request was rejected by the Northeast Regional Director for submitting his request or appeal to the wrong level. Id. It was again explained to Petitioner that he must first address this issue with the Warden. Id. He was also advised to seek assistance from staff if he needs help. Id.

10. Records indicate that on or about October 18, 2004, Petitioner resubmitted a Request for Administrative Remedy with the Warden requesting to transfer to another facility. A true

and accurate copy of Request for Administrative Remedy, Case Number 355241-F1, and Response, is attached as **Document b**. In a response dated November 30, 2004, the Warden granted Petitioner's request. Id. It was explained to Petitioner that he will be transferred in 90 days to a facility that best meets his security requirements. Id. Petitioner was informed that if he was not satisfied with this decision, he may appeal to the Regional Director within 20 days of the date of the response. Id.

11. On or about November 1, 2004, Petitioner filed two appeals with the Northeast Regional Director on the request to transfer. Id. at pages 11-12. Both of these appeals were rejected for Petitioner's failure to provide a copy of his institution administrative remedy response request form or a copy of the BP-9 response from the Warden. Id.

12. My search further revealed that on or about November 19, 2004, Petitioner again appealed the Warden's response to the Northeast Regional Director. A true and accurate copy of Regional Administrative Remedy Appeal, Case Number 355241-R3, and Response, is attached as **Document c**. In a response dated December 13, 2004, the Regional Director explained to Petitioner that his transfer to FMC Devens was in accordance with policy and that he has been requesting a transfer from FMC Devens for security reasons. Id. He was advised that according to records he was approved for a transfer to an institution commensurate to his security and custody needs. Id. Petitioner was informed that to the extent his transfer has been approved, his appeal is granted. Id. Petitioner was informed that if he was dissatisfied with this response, he may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response. Id.

13. Records indicate that on or about December 29, 2004 submitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator challenging the Regional Director's response. See **Document a**, at page 20. On or about January 10, 2005, Petitioner's appeal was rejected for failing to submit the proper number of continuation pages with his appeal. Id. It was also rejected for failing to provide a copy of the administrative remedy request or a copy of the response form the Warden. Id. Petitioner was informed that he may resubmit his appeal in proper form within 15 days of the date of the rejection notice and that each copy of the appeal form must be legible. Id. He was also informed that photocopies are not permissible. Id.

14. Records also indicate that on March 22, 2005, Petitioner resubmitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator challenging the Regional Director's response. Id. at page 23. On or about April 25, 2005, Petitioner's appeal was rejected. Id. Petitioner was informed that his appeal was untimely and that he needs staff verification on BOP letterhead to document that untimeliness was no fault of his own. Id. Since the Central Office appeal was rejected for the reasons listed above, Petitioner has not exhausted his administrative remedies with respect to the issue of transfer.

15. Attached hereto, please find true and correct copies of the following documents:

   a. Administrative Remedy Generalized Retrieval Screen for inmate Forest Gilliam, Register Number 37541-060;
   b. Request for Administrative Remedy, Case Number 355241-F1, and Response;
   c. Regional Administrative Remedy Appeal, Case Number 355241-R3, and Response.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 2nd day of May, 2005.

*[signature]*

Ann H. Zgrodnik
Attorney Advisor
Federal Medical Center
Devens, Massachusetts