United States District Court
for the District of Massachusetts

Edward L. Johnson,
  Petitioner,

v.

Luis Spencer, Warden,
  Respondent.

Case No. 04-40217-RGS

Judge R. S. Stearns

Opposition to the Respondent's
Motion for Extended Time to
Respond to the Petitioner's
28 U.S.C. § 2254 Motion
And Judge's Order of
March 22, 2005

## Introduction

The Petitioner, Edward Johnson, brought a 28 U.S.C. § 2254 Petition on or about Oct. 15, 2004, and a Show Cause and Further Order of March 22, 2005, to Show Cause was commenced by the District Court Judge R. S. Stearns and on March 22, 2005, the aforesaid order and Show Cause Judge R. S. Stearns Show Cause order was sent certified mail to the opposing party.

The Respondent via the U.S. Attorney and A.U.S.A. has asked for an extension of time to file a brief response to the Court's Order and Show Cause of March 22, 2005.

However, the Respondent's attorney(s) has ample enough time to respond to the Court's Order, so the Petitioner is going to show that the Respondent's excuse(s) is a complete neglect and continuation of their abuse of authority.

(1)

Do the Petitioner depose and say:

### Statement of Facts

Comes now the Petitioner, Louis Ottaway, pro se, and respectfully asks this motion opposing the Respondents motion for Extension of time to Respond to the Court Order... Though Rule 5, when the Respondents move to be put past the Test of reasonable inquiry as required by Rule 6(B)(2) of Fed. R. Civ. P.

Petitioner avers that the Respondent showed no authority in allowing his staff [administrator] to increase petitioner's security custody level simply cause petitioner refused general population under Policy Statement 5070.07.

Therefore Petitioner deserves an opportunity to be heard on his custody issue as reviewed pursuant to Fed. R. Civ. P. 6(b)(2), before the court acts on the respondents motion.

"Rule 6(B)(2) of the Federal Rules Civil Procedure provides the Relevant Part:

"When by these rules or by a notice given thereunder or order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion... upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect".

(2)

The Respondents reason for not filing a timely response [Brief?] and a request for extension of time is frivolous and inexcusable.

Indeed, the Respondents explanation or an allegation and excuse is that the Attorney(s) are preoccupied with other legal issues and projects and unrelated cases.

Furthermore, the another extension of time or suspension needed by the Respondent because of his incomplete illness on or about April 18, 19-29, 2005 — notice the extension of time filed electronically on April 30, 2005. When being ill and/or being preoccupied with other legal issues are not and should not be excusable when dealing with another legal issues such as petitioners at bar.

Also, A.G. and Wardens etc. have ample enough staff, paralegals, secretary, and assistants to fulfill any of legal obligation and/or any legal duty deadline. Therefore, the Petitioner Respectfully requests that the honorable court rule on petitioners relief issues in at bar and stop allowing the respondent by way of his counsel to deceive this court with its never ending tactics. Attempting to impede upon, obstruct, and deter* the petitioner from having his case heard and relief issues granted.

When on or about early Aug. 2004 petitioner has attempted

(3)

to exhaust his administrative remedies. And to date this 4, [illegible] the respondent, the Northeast Regional Office and the Office of General Counsel at Central Office have all worked together/conspired together to obstruct and impede upon petitioners administrative remedy process.

Wherefore, a process that takes six months maximum to complete is [illegible] entering it's 9th month simply because all parties concerned here in the federal [illegible] work together in the system as a system to continuously reject and deny petitioners efforts put forth to successfully exhaust his final remedy the BP-11.

[illegible] the [illegible] petitioner was in transit from [illegible] to F.C.I. Schuylkill and arrived at Schuylkill on or about Jan. 28th, 2005.
Therefore petitioners BP-11 was returned to F.C.I. [illegible] when petitioner was in route to Schuylkill and rendering petitioner unable to correct/resubmit his administrative remedies on time. See attached copy - exhibit - A

However, on March [illegible] Rick Holiday CMC at FCI [illegible] personally requested and received petitioners returned BP-11 complaint and witnessed petitioner correcting the administrative remedy with a hand written notice from the below along his authorized CMC stamp that petitioner was infact in transit and was unable to [illegible] such documents until March 7, 2005.
See copy attached - exhibit - B

(4-)

But because of Central Office authority, guidance and conspiracy these lacked in working together with the Fairton Regional Office and their respondent Charles H. and E. Nash and his Counsel, on or about April 25, 2005 petitioners Administrative Remedy (BP-11) was yet again returned because of their over-bearing authority to do so and to request that the Warden / C.M.C. at F.C.I. Schuylkill place him verification of addressing petitioner assisting his complaint back from Afghanistan on March 7, 2005. On a BP-9 controbart, see _See_ attached a copy of "Reject Notice – Administrative Remedy from BOP Central Office. _Exhibit C & D_

Wherefore, Petitioner respectfully request the court to not grant respondent anymore extensions and make a ruling on petitioners relief issues now at bar. Because the respondent via his counsel has had ample time to respond to petitioners § 2241 Petition and the judges order of March 30, 2005. Wherefore trivial and unprofessional reasons the respondent via his counsel continues to attempt to deceive this court and continuously attempts to pull the wool over this courts eyes with stall tactics aimed at attempting to deter petitioner from pursuing his relief issues.

Therefore, Petitioner asks of this honorable court and judge to see through respondents stall tactics and grant petitioner his relief requested.

(5)

The petitioner is not requesting to be released nor is petitioner seeking financial gain from respondent. All petitioner seeks is for his security level to be returned to low/medium & gets low security. All incident reports from July 27, 2004 - July 29, 2004 to be immediately dismissed from his inmate file [...], and for petitioner to be transferred back to a low/medium security custody level facility. It was petitioner's security custody level before he arrived here in Ft. Devens on July 29, 2004 and he was not in general population while residing at F.M.C.-L.H.

Last and most importantly, petitioner asks to have his previous "clear good conduct time" recalculated and returned to his prior record for time served — as the S.H.U. restrictions and the Warden and his staff ignored all policy statements and C.F.R. statutes that should have prevented petitioner from receiving such sanctions bestowed upon him on Nov. 4, 2004.

Petitioner relied and should have been protected by Policy Statement 5270.47 Injunction Laws 541.05 (6)(7). But the respondent and his staff ignored all such policy statements and on Nov. 4, 2004 the respondent (Warden Winn) & Winn personally told petitioner (inmate Jonet Stillian) that he "had no rights" while residing at his institution E-16 [prison].

To date (May 4, 2005) the petitioner has evidence that the respondent's comment is true — that petitioner has no rights, and that all correctional officers and staff alike are never wrong.

(6)

Another compelling reason why the respondents motion for extension of time should fail is the fact that the [practice?] is lacking in law.

[illegible] have the [Justice(s)?] [refuse?] to [evaluate?] its own authority and case precedents, but offer up a litany of [nonsensical?] excuses, [obviously?] designed to elicit the court's sympathy.

The respondents after-the-fact request for two (2) extensions of time, citing details [of?] various pending cases and legal projects and <u>sensitive issues</u> with which he was preoccupied at the time the respondents reply was due (Michael Sady), this insufficient showing of cause does not rise to the level of "[excusable?] neglect" as required by Fed. R. Civ. P. 6(B)(2).

<u>Conclusion</u>

Accordingly under Fed. R. Civ. P. 36 and 37(A),(B) (also the [requirements?]) Respondents failure to answer the petitioners — [Judge's Order of March 30, 2005], constituted a waiver and admission to all relief claims outlined in the petitioner's 28 U.S.C. § 2241 petition, and his unexcusable failure to file the requested [reply] in accordance to the Judges Order of March 30, 2005, and the respondents [replies?] did not constitute a [way?] to use the Fed. R. Civ. P. 6(B)(2) to [circumvent?] [prior?] chances. So the petitioner prays that this honorable court will grant the petitioner the relief requested for [the] respondents failure to respond with their brief in a timely manner, and [grant?] all relief be granted just and proper.

(7)

Petitioner cites Haines v. Kerner, 404 U.S. 519 (1972), that the U.S. Supreme Court holds allegations of pro se actions to less stringent standards than formal pleadings drafted by legal counsel. One to pro se litigant has done everything to bring his action to detail, that he penalized by any strict rules which might otherwise apply if he were represented by legal counsel. Ortiz v. Carmela, 867 F.2d 62 (1989)

Respectfully submitted this 1st day of May, 2005

Lowell Williams #37541-000
P.O. Box 759
Minersville, Pa.
17954

U.S. Department of Justice  
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Gilliam Forest**    37541-060    S.H.U.    Ft. Devens
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL First and foremost, I am not appealing the warden or the regions response to transfer me. Since my arrival here at Devens on 7/27/0 I have refused general population in accordance with Policy Statement 5270.07 Protection Cases §541.23 (6.)-(7.) "See attached" — And because of the circumstances surrounding my case(s), me refusing population, receiving incident reports of codes 306-307, and sanctioned on those reports, my security status was increased from 6pts.(low) to a medium. Also, In Aug.-Sept. I was issued a false/miscalculated F.R.P. payment plan and placed on refusal — and my security status increased. On Oct. 28, 2004 Ms. D. Adams/C MC recalculated my F.R.P payment plan and it revealed that my initial payment plan was wrong/miscalculated.

Dec. 21, 2004    Forest Gilliam
DATE    SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED DEC 29 2004

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 355241-A

Part C—RECEIPT

Exhibit - A

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 10, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : FOREST GILLIAM, 37541-060
      DEVENS FMC        UNT: H UNIT       QTR: Z02-214LAD
      P.O. BOX 880
      AYER, MA 01432

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 355241-A1         CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 29, 2004
SUBJECT 1       : TRANSFER FOR PROTECTION REASONS
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOU DID NOT SUBMIT PROPER NUMBER OF CONTINUATION PAGES
                 WITH YOUR REQUEST/APPEAL.  2 - WARDEN'S LEVEL; 3 -
                 REGIONAL LEVEL; AND 4 - CENTRAL OFFICE LEVEL.  THE
                 NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 3: SEE REMARKS.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : ALL FOUR COPIES OF THE BP11 FORM MUST BE LEGIBLE.
                 PLEASE NOTE THAT WE DO NOT ACCEPT XEROXED COPIES OF
                 THE BP11 FORM.

[Handwritten annotations:]
Exhibit-B

This information was Received at FCI, Schuylkill on 3/7/05 from FMC, Devens. Inmate was in-transit to another facility. Also, the BP-9 and Warden's response was attached originally.

Rich Helder, CMC

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 25, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : FOREST GILLIAM, 37541-060
      SCHUYLKILL FCI    UNT: 4    QTR: D07-204U
      P.O. BOX 700
      MINERSVILLE, PA 17954


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 355241-A2         CENTRAL OFFICE APPEAL
DATE RECEIVED   : MARCH 22, 2005
SUBJECT 1       : TRANSFER FOR PROTECTION REASONS
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: SEE REMARKS.

REMARKS         : YOUR APPEAL WAS DU EON 02-09-2005 (03-10-2005 PM).
                  YOU NEED STAFF VERIFICATION ON BOP LETTERHEAD TO
                  DOCUMENT THAT UNTIMELINESS WAS NO FAULT OF YOUR OWN.


Exhibit - C



**U.S. Department of Justice**
Federal Bureau of Prisons

---

May 3, 2005

FCI Schuylkill, Minersville, PA

MEMORANDUM FOR: Administrative Remedy Coordinator

FROM: Rich Helder, CMC

SUBJECT: Gilliam, Forest #37541-060

This is to verify that the attached documentation was received at FCI, Schuylkill from FMC, Devens on March 7, 2005. Gilliam was in-transit when the attached information was processed.

Thank your for your assistance.

Exhibit - D

## Proof of Service

I certify that on May 4, 2005 I mailed a copy of this opposition brief and attachments via first class mail to the following parties at the addresses listed below:

Martha Ward Clerk
U.S. District Court, Office of the Clerk
1 Court House Way, Suite 2300
Boston, Ma. 02210

The U.S. District Court for the District of Massachusetts
1 Court House Way
Boston, Ma. 02210

## Proof of Service for Institutionalized or Incarcerated Litigants

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court: The United States District Court of the District Court of Massachusetts.

I certify that this document was given to prison officials on May 4, 2005 for forwarding to the Court of Appeals / District Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_James D. Mann_ 50341-066

F.C.I. Schuylkill
P.O. Box 759
Minersville, Pa. 17954

Signed May 4, 2005