In the District Court
For the District of Massachusetts

FILED
____'S OFFICE

2005 MAY 15  P 2:49

___ DISTRICT COURT

Jason Villiam,
        Petitioner

v.

Warden Edward L. Winn,
        Respondent.

Case No. 04-40217-RGS

Petitioner's Opposition to Respondent's Brief
to Courts Order and Further Order

Petitioner, Jason Villiam, who is an inmate residing in
the federal B.C.P. at F.C.I. Schuylkill in Minersville, Pa.
and respectfully submits _this_ opposition to the respondent's
brief for court order and further order of March 30, 2005.

## Statement of Facts

Petitioner Jason Villiam, "37541-264, is a federal inmate
who, until Jan. 26, 2005, was incarcerated at F.M.C.-Fr.
Devens in Ayer, Massachusetts; from July 27, 2004 - Jan. 26,
2005. Upon petitioner's arrival at F.M.C. Devens he respectfully
refused general population "for security reasons" under
federal B.E.P. Policy Statement 5270.C7 Protection
Cases 541.23 (6)(7). And because petitioner could not
provide specific inmates names to the respondent (Warden)
and his staff (Unit mgr. Janis Johnson) petitioner was
ignored, all federal B.O.P. Policy Statements, and

(1)

28 C.F.R. Statements were also ignored, and petitioner was issued incident reports for codes 300-307; refusing a work assignment and/or programming.

Petitioner's security custody level was increased whereby petitioner should have been protected by the federal B.O.P. Policy Statements that he cited repeatedly.

On Oct. --, --- petitioner filed his petition for writ of habeas corpus. On Feb. 7, --- the Court issued its Memorandum and Order dismissing petitioner's claims. The Court directed respondent to "address two remaining issues:

"But because petitioner has already been transferred to another medium security facility and not to a low security custody level facility — as in accordance with his original custody classification when petitioner arrived at the events, petitioner's 2241 petition is not moot and therefore should be re-evaluated and petitioner's relief issues should be granted. The relief of original 2241.

On March --, --- the Court issued the subsequent Order, directing the respondent to file an amendment to its "Memorandum" addressing the remaining issues outlined in the Court's Feb. 7, --- Memorandum and Order. Whereby the respondent alleges that petitioner was not exhausted his administrative remedies.

A. Petitioner Has Attempted to Exhaust His Administrative Remedies.

Whereby, since early Aug. 2004 Petitioner started his administrative remedy process. And because of the vindictiveness, unprofessionalism, impeding upon, and obstruction of, the respondent (Wardens and his staff (mainly) and Grievance/Unit mgrs.), petitioners administrative remedy process, has been tampered with repeatedly. (Also, along with the respondent the Regional Office and the General Counsel at Central Office have all worked together in accordance with [their] system in order to conspire against petitioner concerning his administrative remedy process.

Therefore, a process that started in early Aug. 2004 and takes only 3–4 months to complete, has now taken on a form of its 9th – 10th month. Simply because of the political games that they all play, to attempt to deter a petitioner (an inmate) from filing remedies against them [respondent].

However, the petitioner respectfully requests that this honorable court review petitioners amendment of Dec. 1/04, 2004 whereby petitioner request to <u>held in abeyance</u> his federal PSCP issues at St. Kitts, until petitioners administrative remedy process w/ was completed. See attached copy of (Judge Stearns [personal] response as exhibit A. <u>Signed by Judge Stearns on Dec. 1, 2004.</u>

Also, In petitioners opposition motion to respondents request, for an extension of time to, the Courts Order of March 30, 2005, the petitioner has exhibits showing that his administrative remedy process is infact attempting to be exhausted.

But for petitioners transfer of January, 2005 petitioners final step of his (BP 11) was, returned to the prison were petitioner had been transferred. And on March, 2005 petitioner received his returned BP 11 via CMC/Rich Melder as a witness.

However, the General Counsel, at Central Office "again" returned petitioners BP 11 in April, 2005, and requested that CMC/Rich Melder put his evidence (witnessing of petitioners returned BP 11, of March 2005), or a letter filled with a Schuylkill heading. Thus showing the further conspiracy tactics of the federal B.C. P and their worthiness of, attempting to deter a petitioner [inmate] from filing administrative remedies and/or seeking their requested relief.

Wherefore, Petitioner has already had his amendment accepted as a "memorandum in further support of his original 2241 Petition", to hold in abeyance his federal B.C.P issues until his administrative remedy process was completed. Thirdly making petitioners issues still open for review "until his process is completed.

(4)

[Handwritten text, partially legible]

... Making the respondents argument on page 2-A of their Claim Ordered Brief ... based ... because petitioners ... petition asking that his B.O.P. ... be held in abeyance in Doc. #14 was already accepted by the court via Judge Stearns on Doc. #14. See attached copy of petitioners amendment of Doc. #14.

B. The Petitioners Petition Needs Not Have Constitutional Issues.

... petition was and should have been protected by the federal B.O.P. Policy Statements and 28 C.F.R. Statements ... within an administrative remedies. ... There is no need for Constitutional issues here, when the respondent (Warden ...) and his staff should be forced to adhere to all B.O.P. Policy Statements, and/or 28 C.F.R. statements, or whats the point in having such policy statements if the respondent and/or his staff are not going to adhere ...

Petitioner further argues that had the respondent adhered to the federal B.O.P. Policy Statements that the petitioner has been citing, petitioners security custody level would have never been increased. The petitioner was told by other staff members under the ... Unit mgr. James Johnson, that Mrs. Johnson has taken the petitioners refusal of general population, personal and thereby causing the vindictiveness of the respondent and his staff (Mrs. Johnson) towards ...

the petitioner, then an inmate residing at FMC Devens

## The Present Context of Petitioner's Request

Thus, that petitioner has been transferred his security/custody level is and should be in question. Simply because petitioner refused general population unit and according to federal B.O.P. Policy Statements 5270.07 per security concerns. But on May 4, 2004 the Respondent (Warden, David L. Winn) informed petitioner (inmate, James Williams) that as long as he resided at FMC Devens he/petitioner had no constitutional rights in his/Respondents prison.

Therefore, Petitioner respectfully requests that this honorable court reconsider his review of his security/custody level and that all incident Reports (sustained upon petitioner since July 27, 2004 - Jan 26, 2005 be removed and/or be removed from his inmate pro[file].
(because as the respondent said to petitioner on Thus 4, 2004, the petitioner has/had no rights while residing at FMC Devens)
(and if this court neglects to honor petitioner his requested relief in his 2241 of Oct. 22, 2004 then this [this] whole petition process was a waste of all parties concerned time and that petitioner understands and is consciously aware that [law] governs all events ——

(6)

The petitioner respectfully requests that [Laws] and this honorable Court will be served upon [t] his pending court issues and petitioner will be granted the relief requested in his 2241 Petition.

Petitioner has done no wrong and was only attempting to safeguard his health and possibly his life. For this the petitioner has had his medical inmate profile tarnished by the respondent and his staff and petitioner respectfully requests that his security custody level be returned to its origin of 6 pts low security, that he be returned to a low security custody level facility, and that all incident reports and sanctions stemming from this issue be removed and/or dismissed from inmate petitioner's profile [t].

Petitioner refused general separation of security issues [t] <u>nothing more nothing less</u>.

The petitioner also wishes to state to the court that, once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by legal counsel. <u>Dies, Estep v. Cornetta</u>, 867 F.2d 146 2d Cir. (1939).

Wherefore, subject to the courts most gracious acceptance of this opposition to respondents brief, and full consideration, petitioner, wishes to thank the Court, in anticipation that this motion and requested relief will be so Granted.

Accordingly, fairness, integrity of True Process and justice require this Honorable Court to Grant petitioner his requested relief, now as true True Process of law is primary and indispensable, _Application of Gault_, 387 U.S. 1 (1967); Also See _Hampton v. U.S._, 96 S.Ct. 1644, 1652 (1976), True Process means fundamental fairness.


Respectfully submitted this 12ᵗʰ day of May, 2005

Forest Gilliam, Petitioner

_Forest Gilliam_ 37541-266

I C.I. Schuylkill
P.O. Box 759
Minersville, Pa.
17954



Denied as a motion to amend, but to be accepted as a memorandum in further support of the petition.
R.G. Stearns DJ 12-1-04.

Exhibit -A

Certificate of Service

I, _Forest Gilliam_ hereby certify that I have sent a true and correct copy of this motion, via U.S. Mail, first class postage pre-paid, to:

Warden and C. Winn,
            Respondent.
1 Courhause Way, Suite 9200
Boston, Ma. 02210

U. S. District Court
Office of the Clerk
1 Courthouse Way, Suite 2300
Boston, Ma. 02210

Pursuant to 28 U. S. C. § 1746.

Sealed and mailed on this _12th_ day of _May_, 2005

        Forest Gilliam 37541-004

        F. C. I. Schuylkill
        P. O. Box 759
        Minersville, Pa.
            17954