UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40217-RGS

FOREST GILLIAM,
Petitioner

v.

DAVID WINN,
Respondent

MEMORANDUM AND ORDER

June 24, 2005

STEARNS, D.J.

Petitioner Forest Gilliam filed this petition for writ of habeas corpus on October 20, 2004. In a February 7, 2005 order, the court dismissed Gilliam's claims that his plea agreement had been breached and that he had been denied legal assistance. The court also dismissed Gilliam's request to have the record of certain disciplinary sanctions expunged from his inmate file. The respondent now seeks the dismissal of Gilliam's remaining claim – a request for a transfer to another facility – as moot.[1] Gilliam's objection to the respondent's motion raises issues of quality rather than kind. He maintains that his request was to be transferred to a lower security facility with fewer restrictions, rather than (as was the case) to another medium security institution.[2] The court directed the

---

[1] On January 20, 2005, Gilliam was transferred from FMC-Devens in Massachusetts to FCI-Schuylkill in Pennsylvania.

[2] While Gilliam argues he also has outstanding claims for relief regarding the expungement of disciplinary sanctions and incident reports, these claims were dismissed in the February 7, 2005 Order.

government to address two questions: (1) whether Gilliam's request to be transferred to another facility for safety reasons was properly raised by way of a § 2241 petition; and, (2) if it was, whether Gilliam was required to exhaust administrative remedies before filing the petition. While the government agrees that the transfer request is a proper subject of a writ for habeas,[3] because the relief requested relates to Gilliam's conditions of confinement, he was required to pursue administrative remedies before filing the writ.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought *with respect to prison conditions* under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphases added). The PLRA's exhaustion requirement includes administrative appeals as well as primary grievance procedures. See Pozo v. McCaughtry, 286 F.3d 1022, 1023-1024 (7th Cir. 2002). According to the Declaration of Ann Zgrodnik, an attorney advisor to the Federal Bureau of Prisons (FBP), Gilliam failed to initiate the transfer request with the Warden of FMC-Devens as required. (Gilliam instead filed the request with the Regional Director).[4]

---

[3] See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) ("In contrast to § 2255, a 'motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions.'"). See also United States v. Barrett, 178 F.3d at 50 n.10 (Section 2241 is the proper vehicle for challenging the execution of a sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same).

[4] When Gilliam eventually filed the request with the Warden at FMC-Devens, it was granted.

The exhaustion issue aside, the assignment of a federal prisoner to an appropriate correctional facility is a matter committed to the sole discretion of the FBP. 18 U.S.C. § 3621(b). While a sentencing court

> can consider the conditions of confinement in imposing a sentence, and shape the sentence accordingly, it is a different issue from whether it can direct the Bureau of Prisons where to carry out the sentence. The former involves the proper exercise of judicial discretion, the latter would involve judicial encroachment on executive function.

United States v. Bakeas, 987 F. Supp. 44, 49 n.7 (D. Mass. 1997). A prisoner has no constitutionally protected interest in his expectation of being transferred to a lower security status.

> [N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility of rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). An expectation of residency in a particular institution is simply "too ephemeral and insubstantial to trigger due process protections." Meachum v. Fano, 427 U.S. 215, 228 (1976). See also Dominique v. Weld, 73 F.3d 1156, 1160-1161 (1st Cir. 1996).[5]

---

[5] If Gilliam has complaints about his current conditions of confinement, these are to be pursued with the Warden at FCI-Schuylkill. It is well-settled that a § 2241 petition must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000).

## ORDER

For the foregoing reasons, the petition for writ of habeas corpus is <u>DISMISSED</u>.

      SO ORDERED.

      /s/ Richard G. Stearns

      _____
      UNITED STATES DISTRICT JUDGE